JAMES McNERNEY

*v.*

LUCIUS NEWBERRY.

CERTIORARI — *garnishee.* Where a petition for a *certiorari* under the statute, states that the petitioner had been summoned as garnishee in a number of cases, before the same Justice of the Peace, and was discharged after examination, by the justice, and had no knowledge a judgment was rendered against him until it was too late to take an appeal, and that the judgment was unjust, showing wherein, can have relief by writ of *certiorari.*

ERROR to the Superior Court of Chicago.

On the 6th of December, 1858, James McNerney filed an affidavit before DeWolf, a Justice of the Peace of Cook county, on which a summons was issued against Lucius Newberry, as garnishee of one N. H. Sanders, which was returned by the constable on the same day, served, by reading to Newberry. The case was continued to the next day at two o'clock, P. M., at which time it was called for trial, and the garnishee failing to appear, a judgment was rendered against him in favor of McNerney, for the sum of $65.87, being the full amount claimed to be due from Sanders. This appears from the transcript of the Justice of the Peace.

On the 28th of December, 1858, an execution was issued, which was recalled by a *certiorari* served on the justice issued from the Cook County Court of Common Pleas.

The petition, on which the writ of certiorari was granted, was dated January 14th, 1859, and is as follows:

Respectfully showeth unto your honor, your petitioner, Lucius Newberry, of the city of Chicago, that about the 1st of December last past, your petitioner was summoned to appear before Calvin De Wolf, Esq., a Justice of the Peace in the city of Chicago, in a number of cases as your petitioner believes, four or five, to answer as garnishee of one N. H. Sanders, at the suit of divers persons plaintiffs, in one of which said suits, James McNerney was plaintiff; that your petitioner appeared and answered that he was in no way indebted to the said Sanders, and was discharged as such garnishee; that very soon thereafter, this affiant, your petitioner, was called to the State of Connecticut upon business, and was absent in Connecticut, for several days, and immediately upon his return therefrom, went to Wisconsin; that including his absence to Wisconsin, he was away from Chicago, for several weeks; that his business was such as to make it very necessary for him to be away from Chicago, and gave him no opportunity to attend to business here; that since his return to Chicago, he is presented with an execution for the sum of $65.87 damages, and $5 or $6 costs, issued upon a judgment rendered against him on the 7th day of December last past, in favor of said James McNerney; that said judgment was rendered by said Justice De Wolf, upon the failure of your petitioner to answer as garnishee of said Sanders, as he now learns from the docket of said De Wolf.

And your petitioner further shows, that it appears that there were two writs of summons served upon him as garnishee of said Sanders, and in favor of said McNerney; that he answered when summoned, as to one at the same time with several others, the names of whom he does not now remember, but failed to answer as to the other summons in favor of said McNerney; that he being then discharged by said justice, did not suppose it was required of him to answer

any further, or more fully, and gave the matter no more attention until an execution was presented to him, and it was too late to answer or appeal from said judgment.

And your petitioner further shows, that he had no notice, knowledge, or suspicion that he was obliged or required again to answer, or that judgment would or had been entered against him for want of answer, that he owed said Sanders nothing, and has nothing belonging to him in his possession, or under his control; on the contrary whereof, the said Sanders owed your petitioner several hundred dollars, and which your petitioner is unable to secure or collect. Wherefore, as your petitioner has had no opportunity of appealing said suit, he prays for a writ of certiorari to bring the same before your honor; and he further says, that he has a good and valid defence to the whole of said action on the merits, etc.

Subscribed and sworn to, etc., January 3, 1859.

Afterwards, at the February term, 1859, of the court, McNerney, by his attorney, Mr. Samuel Ashton, entered a motion to dismiss the certiorari and for a writ of *procedendo* to the Justice of the Peace, because of the insufficiency of the petition on which it was granted.

This motion was overruled and an exception taken.

The cause was tried and a verdict found for Newberry. A motion for a new trial was made by McNerney and refused, and exception taken. A judgment was entered on the verdict, to reverse which, McNerney prosecutes this writ of error, assigning as error, the refusal of the court to dismiss the certiorari.

Mr. Samuel Ashton, for the plaintiff in error.

Mr. H. T. Helm, for defendant in error.

Mr. Justice Breese delivered the opinion of the court:

This was a suit before a Justice of the Peace, and taken by certiorari, to the Court of Common Pleas of Cook county. A motion was made in that court, to dismiss the certiorari

for insufficiency of the petition, which the court denied, and on trial had, rendered a judgment for the defendant. The plaintiff brings the case here by writ of error, wherein the principal error assigned, is in refusing to dismiss the certiorari.

It is insisted by the plaintiff in error, that the petition is not in conformity to the statute, that the statute requires the petition should show that the judgment was not the result of negligence on the part of the petitioner, and this petition in fact, admits negligence.

The petition, so far as we can see, is in substantial compliance with the statute. It appears from it, that the petitioner had been summoned as garnishee in a great number of cases; that he appeared before the justice and fully answered, and was formally discharged by the justice, and went about his business which called him away from Chicago the place of trial, and which occupied his attention for many days, he, during all the time, having no reason to suppose that a judgment had been rendered against him. The discharge by the Justice of the Peace, necessarily quieted the mind of the petitioner, and lulled him into security and inaction, which cannot be attributed to negligence on his part. The case shows there was no negligence. The judgment is shown to be unjust, by the fact, that he owed nothing to the party to whom he was alleged to be the debtor, and that he had nothing in his possession or under his control belonging to the debtor. The petition also shows why he could not take an appeal in the ordinary way, and that was because he did not know of the judgment, until it was too late to appeal.

We see no error in the record and must affirm the judgment.

*Judgment affirmed.*