### EDWARD BOYNTON

*v.*

### WILLIAM RENWICK.

1. JUDGMENTS BY CONFESSION—*motion to vacate—exceptions, when to be taken.* Where a motion is made for an order to stay execution on a judgment by confession, and for leave to plead to the merits, and both parties are present in court when the motion is sustained, and no objection is made as to the time when the motion was interposed, and no exceptions taken, the objection cannot be raised in the supreme court.

2. If no exceptions are taken to the action of the court below in staying execution, and letting the defendant in to plead to the merits, this court will presume that sufficient grounds appeared for the action of that court.

3. PLEADING—*averment of endorsement of a note.* Where a declaration avers that a note was *assigned* after due, the court will presume that the assignment was on the note, and not on a separate piece of paper.

4. SAME—*pleading must be construed most strongly against the pleader.* The court recognize the doctrine that a plea must be taken most strongly against the pleader, and if an allegation in it be equivocal, or presents two meanings, the one should be adopted most unfavorable to the pleader.

5. JUDGMENTS—*form of.* Where a defendant has been let in to plead to the merits in a judgment by confession, and the original judgment remained in force as security for the amount really due, and the amount was reduced, it is proper for the court to direct that only the amount the jury found due should be collected on any execution which might be issued on that judgment.

Writ of Error to the County Court of DeKalb county; the Hon. Daniel B. James, Judge, presiding.

The facts are stated in the opinion.

Messrs. Devine & Pratt, for the plaintiff in error.

Messrs. Cook & Campbell, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

It appears from the record in this cause, that at the April term, 1866, of the DeKalb Circuit Court, a judgment was entered by warrant of attorney, in favor of Edward Boynton, against William Renwick, on a promissory note for two hundred and twenty-five dollars sixty-three cents, including attorney's fee. After the issuing and the return of one or more executions on this judgment, the last of which was levied on the 25th of October, 1866, the sheriff returned on the 1st day of November, that the further execution of the writ had been stayed by order of court, and the same was not satisfied.

This order to stay the execution of the *fi. fa*, was the result of an application made by the defendant to the court, at the October term, 1866, to open the judgment and permit the defendant to make a defence to the note, which was granted, and thereupon the defendant filed four pleas. First, the general issue, and three special pleas, which were all similar and in substance the same as the first special plea, which was usury, setting out wherein, and that the note was assigned after it became due.

The plaintiff, failing in his motion to strike these pleas from the files, obtained leave of the court to reply double to each of them, which he did, without, however, negativing the averment that the note was assigned after due.

Issues were made up on the pleas, and tried by a jury, who

36—46th Ill.

found for the plaintiff, and assessed his damages at forty-three dollars, being the amount of money originally loaned by the payee of the note, Charles O. Boynton, to the defendant.

The plaintiff, on the verdict being rendered, entered a motion for judgment, notwithstanding the verdict, for the full amount of the note and interest thereon, which the court denied; whereupon, the plaintiff entered a motion for a new trial, which the court also denied, and the plaintiff excepted; and thereupon, on motion of the defendant, it was ordered by the court, that no more than forty-three dollars damages be collected on the execution heretofore issued in the cause.

To reverse this judgment the plaintiff has appealed to this court, and makes the point that the court erred in opening the original judgment two terms after it was entered, it being regular in form, and the motion being unsupported by any affidavit of merits.

In answer to this, the record shows, when the motion was made and allowed, both parties were present in court, and no objection was made by the plaintiff at the time, and no exception taken to the action of the court. It is now too late to make the objection.

There being no bill of exceptions in the cause, it is impossible for us to see by what facts the court was moved to allow the motion; we must presume they were sufficient to warrant its judgment, and also we must presume, in the absence of all proof to the contrary, that good reasons were shown the court why the application was not made at the June term, that being the first term after the judgment was confessed.

These considerations lead us to the conclusion that the application was in apt time.

The next point is the refusal of the court to render judgment for the full amount of the note and interest, *non obstante veredicto.*

It is contended that the averment of assignment in the special pleas, was immaterial and meaningless. That they

should have averred the note was endorsed, then they would have contained two traversable averments, one the usurious consideration of the note, the other the time or manner of endorsement; but as drawn, they contained only one such averment, namely : the usurious consideration of the note.

We are referred to the case of *Ryan* v. *May*, 14 Ill. 49, and *Keeler* v. *Campbell*, 24 ib. 287, in support of this view.    The first case was a case where the assignee of the Bank of Illinois, appointed by the legislature, brought suit on a note which had been executed to the bank.    The defendant pleaded in abatement, that Ryan was not the assignee of the bank, and had no legal interest in the note sued on, because he, with others (his co-assignees) had, by a certain deed of indenture, conveyed and transferred the note to William Thomas.    To this plea a replication was filed, averring that Ryan did not by endorsement on the note assign it to Thomas, so as to vest the legal title in him.    To this replication there was a demurrer, which was sustained by the court, and judgment rendered for the defendant on the plea in abatement.    The point of the case is, that by our statute, the legal title to a note cannot be transferred by a separate instrument in writing.

The case of *Keeler* v. *Campbell*, was an action of assumpsit on an assigned note.    The plaintiff, Campbell, was suing as assignee, in his own name, claiming the benefit of the statute in that regard, and that statute required the assignment should be by an endorsement on the note, and as he had not so averred in his declaration, he had shown no legal right to sue as assignee.

We think the case at bar is wholly different.    The party pleading these pleas, was claiming no right as assignee under the statute, he simply averred the fact that the note was assigned after due, and in the form usual in such cases.    The court would presume, under such an averment, that the assignment was on the note, as no pretense existed it was on a separate piece of paper. · The fact was apparent from the note itself,

why then aver and prove the assignment was on the note? We recognize the doctrine that a plea must be taken most strongly against the pleader, and if an allegation in it be equivocal, and presents two meanings, the one should be adopted most unfavorable to the pleader; but this will not help the plaintiff, for the allegation that the note was assigned after due, is not equivocal, and presents but one meaning. Why could not the plaintiff traverse the allegation of assignment after due? We see nothing to have prevented it. Had it been traversed, and the fact appeared the note was assigned by a separate paper, how would it have affected the parties, and which one of them? The plaintiff, alone, as under the authorities cited, it would be seen he had no legal title to the note, and could not bring an action upon it, or recover a judgment upon it in his own name, and therefore, it was a good plea of usury as against the payee.

The remaining objection is to the instruction of the court to the jury, by which plaintiff contends he was deprived of twenty dollars, being the amount allowed for an attorney's fee, and that there was no evidence the note was assigned after maturity. On this last ground we have said enough, in saying the fact was admitted by the replications, and was before the jury as a fact.

Why the twenty dollars was not allowed, it might be, the jury considered an attorney who would confess a judgment for more than five times as much as the plaintiff was legally entitled to, ought not to be allowed any pay therefor.

But if the instruction was wrong, it did not work any injury to the plaintiff for which he should complain. On the whole record, justice appears to have been done, and the verdict ought not to be disturbed.

As to the form of the final order of the court, we perceive no objection, as the original judgment remained in force as security for the amount really due, and it was proper for the

court to direct that only the amount the jury found due, should be collected on any execution which might be issued on that judgment.

*Judgment affirmed.*