# JOHN O'HARA
## v.
# P. H. O'BRIEN.

CERTIORARI.—The petition for *certiorari* alleged as reasons why an appeal from the justice was not taken in the ordinary way; first, that on the trial where the petitioner was summoned as garnishee he was discharged and did not know that a judgment had been rendered against him till too late to take an appeal; and second, that by the false and fraudulent representations of the plaintiff, the petitioner was led to believe that the judgment would not be enforced against him until too late to take an appeal, etc. *Held*, that the reasons assigned were wholly inconsistent with each other, and that as pleadings must be taken most strongly against the pleader, the second reason assigned would be adopted as most unfavorable to petitioner; that while the first reason assigned was sufficient to authorize the granting of the writ, the second did not show sufficient excuse for not prosecuting an appeal in the ordinary way.

APPEAL from the City Court of East St. Louis; the Hon. CHARLES T. WARE, Judge, presiding. Opinion filed August 1, 1879.

Mr. L. H. HITE and Messrs. FLANNIGAN & CANBY, for appellant; as to what is necessary to be stated in a petition for *certiorari*, cited Rev. Stat. 1877, 618.

Pleadings should be taken most strongly against the pleader, and the last allegation of petitioner should prevail: Vining v. Leeman, 45 Ill. 246; Boynton v. Renwick, 46 Ill. 280; Claycomb v. Munger, 51 Ill. 373; Roby v. Cossitt, 78 Ill. 638.

The party desiring to appeal from a justice must use more than ordinary diligence: Lord v. Burke, 4 Gilm. 363; Cushman v. Rice, 1 Scam. 565; Stout v. Slattery, 12 Ill. 162; McNerney v. Newberry, 37 Ill. 91; White v. Frye, 2 Gilm. 65.

Mr. GEO. D. GREEN, for appellee; cited Otten v. Lehr, 68 Ill. 64.

CASEY, J. This was a petition for a writ of *certiorari* in the city court of East St. Louis. The allegations in the petition are

O'Hara v. O'Brien.

as follows: "That on the 10th day of August, 1878, he, the said petitioner, was summoned as garnishee of Michael McGovern, by said Thomas Gravey, J. P. aforesaid, in the action above referred to, whether he, said petitioner, at the time of the service of garnishment upon him, had any money, property or effects, in his hands or under his control; to which summons petitioner made answer: that he did at one time owe the said Michael McGovern the sum of forty-two dollars, but had already been summoned as garnishee of said McGovern, as aforesaid, and was not at the time of the service of the last named writ indebted to the said Michael McGovern, and was discharged, after examination by the Justice, and had no knowledge that a judgment had been rendered against him in that action, until it was too late to take an appeal.    That said judgment of forty-six dollars, rendered by said Justice against said petitioner, as garnishee for the use of McGovern, on the tenth day of August, is unjust in this: that petititioner has once paid the money into court, according to law; that he is not now, nor was he then, liable as garnishee in that last named action.    That by the false and fraudulent representations of the plaintiff in that action, John O'Hara, your petitioner, has been led to believe that said judgment would not be enforced against him until it was to late to take an appeal in the ordinary way.    Your petitioner shows that, as a reason why said appeal was not taken in the ordinary way, that during all the time petitioner had no knowledge that he would be held liable in that action as garnishee, until the time for taking an appeal in the ordinary way had expired; therefore, petitioner could not take an appeal in the ordinary way.    Petitioner further shows that he was not, at the time of the service of garnishment upon him from the said Thomas Gravey, J. P., indebted to the said McGovern, and that the said judgment is therefore wholly unjust and erroneous."

A motion was made in the City Court of East St. Louis to dismiss the writ of *certiorari* because the petition was not sufficient.    The motion was refused by the court; exceptions were taken, a trial had, and judgment for appellee; an appeal prayed, which was allowed.    The principal error assigned is:

"That the court erred in overruling the motion to quash the writ of *certiorari* and dismiss the appeal."

Other errors are assigned, but it is not deemed necessary or important to discuss them. The question is, was the petition sufficient to authorize the issuing of the writ? There are two distinct allegations in the petition showing why an appeal in the ordinary way was not taken. First, it is alleged, in substance, that the petitioner was discharged by the justice of the peace, and that he had no knowledge that a judgment had been rendered against him until the time for taking an appeal in the ordinary way had elapsed. That alone would have been good cause. McNerney v. Newberry, 38 Ill. 91.

Second, that by the false and fraudulent representations of the plaintiff, the petitioner was led to believe that the said judgment would not be enforced against him, until it was too late to take an appeal in the ordinary way.

These allegations are wholly inconsistent and contradictory of each other. They cannot be reconciled. The law is well settled that "a plea must be taken most strongly against the pleader." The allegations being inconsistent, the one must be adopted that is the most unfavorable to the pleader. Boynton v. Renwick, 46 Ill. 280; Vining v. Leman, 45 Ill. 246.

That being the law, the second allegation must prevail, and the petition is, in substance, that the appellee knew of the judgment, and did not take an appeal because of the false and fraudulent representations of the plaintiff, without stating what those representations were.

This falls far short of the requirement of the statute.

The statute requires the petitioner, among other things, to show that it was not "in his power to take an appeal in the ordinary way." The petition was clearly defective, and the motion to dismiss should have been sustained.

The judgment of the court below is reversed and the cause remanded, with instruction to quash the writ of *certiorari.*

Reversed and remanded.