Pierce v. Wade.

## James Pierce, use, etc.

### v.

## Richard Wade.

1. CERTIORARI.—Where the petition for certiorari stated that the petitioner was summoned to appear before a police magistrate and was required to answer as garnishee touching his indebtedness to the judgment debtor, that he appeared and made full answer denying any such indebtedness, which was true, and was then informed by the magistrate that he might go, and that the magistrate had no further use for him, by which he understood that he was discharged, that he had no knowledge that a judgment was rendered against him until it was too late for an appeal, *held*, that this was a proper case for a writ of certiorari.

2. GARNISHMENT—WRIT IMPROVIDENTLY ISSUED.—A garnishee may inquire into the legality and regularity of the previous proceedings against the judgment debtor, and it is the duty of the court whenever it appears that the writ of garnishment was improvidently issued to dismiss the proceedings.

3. EXECUTION.—Where the garnishee process was issued Sept. 21, 1883, upon a judgment rendered by a justice of the peace February 19, 1873, and the only execution ever issued on said judgment was returned *nulla bona* April 8, 1873, *held*, that by reason of the lapse of time no execution could have issued upon the judgment in this case, and its vitality was thereby so impaired that it could not be made the foundation for proceedings in garnishment.

APPEAL from the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed January 6, 1886.

Mr. EDWARD DOOCY, for appellant; that a writ of execution issued on a dormant judgment is not void, but is only voidable and the defendant in execution may take steps to have the writ set aside, but others can not do so for him, cited Freeman on Executions, § 29, p. 29; Mariner v. Coon, 16 Wis. 468; Lelsby v. Redlow, 19 Wis. 17; Jones v. Davis, 22 Wis. 421; Pierce v. Alsop, 3 Barbour (Chancery), 184; Boggers v. Howard, 40 Texas, 153; Woodcock v. Bennett, 1 Cow. 711.

Executions issued on dormant judgments have the same effect as executions prematurely issued : Freeman on Executions, § 25, p. 25; Bacon v. Cropsey, 7 N. Y. 199; Blaine v.

Ship Carter, 4 Cranch, 333; Jones v. Porter, 6 How. 286; Clute v. Clute, 4 Denio, 241.

Mr. J. S. IRWIN, for appellee; cited, Scammon v. Swartwout, 35 Ill. 326; Hay v. Hayes, 56 Ill. 342.

As to garnishee inquiring into the legality and regularity of the previous proceedings against the defendant in attachment: Pierce v. Carleton, 12 Ill. 358; Chanute v. Martin, 25 Ill. 63; Cariker v. Anderson, 27 Ill. 358; C. & A. R. R. Co. v. Ragland, 84 Ill. 375; C. R. & P. R. R. Co. v. Mason, 11 Bradwell, 525.

WALL, P. J. A writ of certiorari under the statute was awarded to remove into the circuit court a suit in garnishment before a justice of the peace.

In the circuit court there was a motion to quash the garnishee proceedings, and a counter motion to quash the writ of certiorari. The former motion was allowed, and the latter denied. It is now urged that in thus disposing of these motions the court erred. The petition for certiorari stated that the petitioner, Richard Wade, was summoned to appear before a police magistrate, and was required to answer as garnishee touching his indebtedness to James Pierce, the judgment debtor; that he appeared and made full answer denying any such indebtedness, and was then informed by the magistrate that he might go, and that the magistrate had no further use for him, by which he understood that he was discharged, and that he had no knowledge or suspicion that a judgment had been rendered against him until it was too late to take an appeal in the ordinary way, when he learned that a judgment was rendered against him for $200 on day of the trial. The petition further stated that said answer was true and that the judgment was therefore unjust.

We are inclined to hold that sufficient ground is disclosed by this petition. Upon the facts therein set forth it would seem clear that the petitioner used such diligence and prudence as should ordinarily be required under such circumstances.

Having made full answer and being entitled thereby to a discharge, he very naturally understood the language of the magistrate to signify that he was so discharged. Such was its import, and such would have been the meaning ordinarily attached to it. It would be a gross fraud to permit the magistrate there to deceive him, and he was not negligent in relying upon the reasonable belief that he avers he entertained. He was not bound to suspect the officer would commit a fraud upon him.

The rule involved is not doubtful, and the only difficulty is to determine whether the facts of the particular case bring it within the statute. In our judgment the case here made is clearly within the statute, and the court properly refused to quash the writ of certiorari.

In support of the ruling on the motion to quash the proceedings in garnishment several points are urged by counsel for appellee, but in the view we take it is necessary to consider only one of them.

It is well settled that a garnishee may inquire into the legality and regularity of the previous proceedings against the judgment debtor, and that it is the duty of the court, whenever it appears that the writ of garnishment was improvidently issued, to dismiss the proceedings. Pierce v. Carleton, 12 Ill. 358; Chanute v. Martin, 25 Ill. 63.

It appears that the garnishee process in this case was issued September 21, 1883, upon a judgment rendered by a justice of the peace February 19, 1873, and that the only execution ever issued on said judgment was returned *nulla bona* April 8, 1873.

This judgment had been rendered more than ten years before the summons in garnishment was issued and the question arises whether, notwithstanding this lapse of time, it retained such vitality as to render it efficient for the present purpose.

The statute does not expressly impose a limitation upon proceedings to enforce the judgment of a justice of the peace, but the Supreme Court in Hay v. Hayes, 56 Ill. 342, held that when an execution is not issued upon such a judgment within one year no execution can afterward be issued.

Pierce v. Wade.

The reason given is that such is the rule of the statute in reference to judgments in a court of record, and that no greater effect should be allowed the judgment of a justice of the peace than is given to the judgment of a court of record.

By the statute in reference to judgment, etc., Ch. 77, Sec. 6, an execution can not issue upon a judgment of a court of record after the expiration of seven years from its rendition or revival. It will not be presumed that such a judgment is still vital and enforceable unless revived.

By analogy to the principle announced in Hay v. Hayes, *supra*, we hold that by reason of the lapse of time no execution could have issued upon the judgment in this case, and that its vitality was thereby so impaired that it could not be made the foundation for proceedings in garnishment. If the judgment could not have been enforced in its then condition against the defendant therein by execution, it should not be used for the purpose of taking from him a demand against the garnishee, by a proceeding to which he is not a party, and of which he has no notice. Such proceedings are in the nature of an execution and enable the creditor to reach a species of property not usually subject to levy on the ordinary process of execution. It is not necessary to determine the point suggested, that no suit could have been sustained upon the judgment, after the lapse of five years, under the authority of Bemis v. Stanley, 93 Ill. 230.

The judgment of the circuit court is affirmed.

Affirmed.