## ANDREW Y. TROGDEN
### v.
## STEPHEN SAFFORD ET AL.

*Foreclosure of Mortgage—Waiver of Objection to Amount of Decree— Homestead—Surplus Proceeds of Sale, Protected—Judgment of Justice, Dormant after Seven Years—Filing of Transcript.*

1.  A mortgagee, by enforcing a decree of foreclosure by a sale of the mortgaged premises, waives any objection to the amount therein decreed to him.

2.  Where the mortgagee purchases the homestead of the mortgagor at a sale under foreclosure, he can not apply the surplus on other claims against the mortgagor, as to which the right of homestead has not been waived.

3.  The filing of a transcript of a Justice's judgment with the Clerk of the Circuit Court more than seven years after it was rendered, creates no lien.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Edgar County; the Hon. J. H. HUGHES, Judge, presiding.

Messrs. A. Y. TROGDON and R. L. McKINLAY, for appellant.

Messrs. A. J. HUNTER and SELLAR & DOLE, for appellees.

CONGER, J.   This was a bill to foreclose a mortgage filed in the Edgar Circuit Court, and on the 3d day of November, 1883, a decree was entered in favor of appellant for $236.22, with interest thereon from September 15, 1883, with decree of sale, and an order that the master bring the surplus, if any, into court to abide the further order of court.

On December 22, 1883, the master sold the property for $432.85 to appellant, which amount paid the decree in full and all costs, and left $100 of a surplus in the hands of the master subject to the order of the court.

At the March term, 1884, appellant filed a supplemental

Trogden v. Safford.

bill praying that said surplus of $100 be paid to him as the assignee and owner of certain judgments against Safford, which petition was afterward dismissed, and such surplus ordered to be paid to Safford.

The Judge's certificate of the evidence certifies that the premises involved in the controversy were at the commencement of said suit, and were then occupied by said Safford and his wife as a homestead.

We are asked to look through the testimony of a large number of witnesses upon the question whether the original decree was for the right amount. We decline to do this, as appellant has, by bringing the property to sale and buying it in under his decree, confirmed it, at least so far as he is concerned.

If he had been dissatisfied with the amount decreed him by the court, he should have had such decree reviewed before enforcing it by a sale.

The mortgaged premises being a homestead, it is clear that to the extent of $1,000 they would be entirely free and clear from the lien of any judgments against Safford, either at law or in equity. Appellant, because he held a mortgage upon the premises in which the homestead had been waived, was entitled to have his mortgage satisfied by a sale of the premises, but could not, by bidding more than was due on his decree, use any surplus to apply on other claims or judgments as to which the homestead right had not been waived.

It is insisted, however, that these judgments were a lien upon the property before they became a homestead. This is a mistake.

The court finds the premises were the homestead of Safford and wife, or rather, certifies that it was so conceded upon the trial, which will have the same effect as a finding from evidence at the date of the mortgage, February 19, 1875. The Love judgment was rendered by a Justice of the Peace July 2, 1868, and a transcript was filed with the Circuit Clerk July 29, 1875, at which time, if ever, it would become a lien, and which was some months after the execution of the mortgage. But the transcript having been filed more than seven years

after the rendition of the judgments, it was worthless and created no lien. We held in Pierce v. Wade, 19 Ill. App. 185, that a Justice's judgment became dormant at the expiration of seven years from its rendition.

The Bishop-McKinlay judgment was rendered in 1877, more than two years after the date of the mortgage, and a transcript thereof filed January 6, 1883, so that in this case neither judgment nor transcript existed until long after the premises became a homestead.

The $100 surplus belonged to Safford and the court below did right in ordering it paid to him.

The decree of the Circuit Court will be affirmed.

*Affirmed.*