GEORGE M. McDONALD

v.

F. M. WILLIAMS.

</center>

Certiorari—*Judgments—Practice—Appeals.*

1. Having heard the justice trying a given case announce his judgment after the hearing of the evidence, justifies a party thereto in relying on said announcement as being the judgment, and there is no lack of diligence in his failing to examine the wrapper containing the papers in the case, or looking at the justice's docket in order to see that the judgment was minuted and written in the docket as it was announced by the justice.

2. Where one knows the facts as they are, or fails to know them by reason of his own lack of diligence, he may be required to show that it was

impossible or physically out of his power to take an appeal in the ordinary way, before he will be entitled to a *certiorari;* but when one without negligence on his part, is without knowledge of the judgment from which he would appeal, the conditions do not exist which require him to use extraordinary diligence to perfect the appeal.

[Opinion filed November 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

On March 19, 1891, F. M. Williams filed his petition for writ of *certiorari*, in Circuit Court, Cook County, as follows:

"Your petitioner, F. M. Williams, of the city of Chicago, in said county and State, complaining, shows unto your honors that on the 10th day of November, A. D. 1890, he commenced action against one George M. McDonald, before H. B. Brayton, Esq., one of the justices of said county, to recover from said McDonald the sum of $200, then due and owing to your petitioner, and that he filed in said action an affidavit of his claim for that amount. That said defendant was duly served with summons, and appeared before said justice, and asked for, and was granted a change of venue to David J. Lyon, also a justice of the peace in and for said county. That after several continuances the said case was called for trial by said justice, David J. Lyon, on the 19th day of December, A. D. 1890, and that there appeared before said justice, on said last mentioned date, your petitioner, and the said George M. McDonald, together with their respective witnesses. Your petitioner further avers that his claim was for services rendered to the said McDonald; that by agreement it had been reduced from $200 to $195.90.

Your petitioner further avers that on said trial and at no time did the defendant dispute the amount of your petitioner's claim. That it was stated by his attorney before said Justice Lyon that they would not dispute the amount of the claim, but would rely as a matter of defense upon a claim that they had traded to your petitioner 160 acres of land in satisfaction of his demand against said McDonald. And your petitioner further says that there was no evidence before said justice as

to the amount of your petitioner's claim, except the evidence of your petitioner that the said McDonald was indebted to him in the sum of $195.90.

Your petitioner further avers that after hearing all the evidence in said case, the said justice, in the presence of your petitioner and his witnesses, announced judgment in favor of your petitioner, and against the said George M. McDonald, for said sum of $195.90.

Your petitioner further avers that on the rendition of said judgment he left the said court of said justice. Your petitioner further avers that said defendant then and there, on the 19th day of December, 1890, perfected, before said justice, an appeal from what your petitioner supposed was the judgment of said justice, to the Circuit Court of Cook County, and that on the 9th day of January, A. D. 1891, there was filed in said Circuit Court the transcript and papers in said case before said Justice Lyon, said 9th day of January being twenty-one days after the rendition of said supposed judgment. Your petitioner further avers that an inspection of said transcript made by your petitioner on or about the 10th day of January, 1891, revealed to your petitioner, for the first time, the fact that said justice, David J. Lyon, after announcing a judgment in favor of your petitioner for the sum of $195.90, had written upon the file cover of the papers in said case, and it had subsequently been written upon his docket, judgment for $95.90, being $100 less than the judgment announced in open court, and in the presence of the parties by said justice. Your petitioner further avers that said judgment of $95.90 was so entered or written erroneously by said justice, and that said amount is the result of a clerical error committed by him.

Your petitioner further avers that he had no knowledge that said justice had written upon his wrapper and that there had been spread upon his docket a judgment for any other sum than $195.90, as announced in open court by said justice.

Your petitioner further avers that on the 14th day of March, A. D. 1891, being the last day of the February term of the Circuit Court of said county, the defendant in said case, George M. McDonald, on the afternoon of said 14th day of

McDonald v. Williams.

March, voluntarily, and without the knowledge of your petitioner, dismissed his appeal in said case, leaving the record of said justice showing a judgment in favor of your petitioner, for the sum of $95.90 only. Your petitioner further avers that said George M. McDonald had full knowledge that said judgment of the justice, as spread upon his docket, was erroneous, and that his act in dismissing his appeal in said Circuit Court was done for the sole purpose of taking an unfair advantage of said error, and with the intent to work a loss to your petitioner in the sum of $100, justly due your petitioner from said defendant.

Your petitioner further avers that having heard said justice announce the judgment in favor of your petitioner in the sum of $195.90, he had no knowledge that any other judgment had been written and spread upon his docket, until after twenty days had elapsed from the date of said judgment, and therefore had no opportunity to appeal from said judgment of the justice as recorded, in the ordinary manner; that said defendant is justly indebted to your petitioner in the sum of $195.90, but that said judgment as spread upon the docket of the justice is wholly unjust and erroneous.

Your petitioner therefore prays a writ of *certiorari* to remove said cause from and before said Justice David J. Lyon, into the said Circuit Court according, etc.   Verification.

The court ordered the writ to be issued upon giving bond in sum of $100.

The defendant entered his appearance and moved to quash the writ of *certiorari,* which motion was overruled and an exception duly preserved.   The case was afterward submitted to the court for trial and a judgment rendered for the plaintiff for $195.90 and costs, from which an appeal is prosecuted to this court and the refusal of the court to quash the writ assigned for error.

Mr. Elisha Whittlesey, Jr., for appellant.

Mr. F. M. Williams, *pro se.*

Moran, J.   The court properly refused to quash the writ

of *certiorari.* The allegations of the petition clearly show that the judgment as entered ·by the justice of the peace on his docket was unjust and erroneous, and it sufficiently shows that it was not in the power of petitioner to take an appeal in the ordinary way, and that no negligence or lack of diligence on his part prevented such appeal being taken.

Having heard the justice announce his judgment after the hearing of the evidence, petitioner was justified in relying on said announcement as being the judgment, and there was no lack of diligence in his not examining the wrapper or looking at the docket, in order to see that the judgment was minuted and written in the docket as it was announced by the justice. McNerney v. Newberry, 37 Ill. 91; Pierce v. Wade, 19 Ill. App. 185; O'Hara v. O'Brien, 4 Ill. App. 154.

The judgment as announced was in his favor—was all he asked, and nothing occurred to put him on notice that the judgment thus announced was not the one recorded till after the time allowed by law to take an appeal had lapsed.

The language of cases cited and relied on by appellant's counsel must be taken in connection with the facts which the records in those cases presented. Where one knows the facts as they really are, or fails to know them by reason of his own lack of diligence, he may be required to show that it was impossible or physically out of his power to take the appeal in the ordinary way before he will be entitled to a *certiorari;* but when one, without negligence on his part, is without knowledge of the judgment from which he would appeal, the conditions do not exist which require him to use extraordinary diligence to perfect the appeal. One who is ignorant of a given condition is powerless to meet or provide against it.

The judgment will be affirmed.

*Judgment affirmed.*