### Dixon L. Withers v. Harrison Bruntom.

1. JUSTICES OF THE PEACE—*No Power to Antedate a Judgment.*— A justice of the peace can not date a judgment at a time prior to the day on which the same was actually rendered, and by doing so deprive a party of the full twenty days allowed by law in which to appeal.

2. SAME—*Rights Not to Be Taken Away by His Mistakes.*—The rights of persons conferred by a statute can not be taken away or

abridged by the mistake or inadvertence of a justice of the peace in giving to a judgment a date different from the time it was in fact rendered.

3. CERTIORARI—*When It Lies.*—Where a party has used all the diligence the law demands, by attempting to prosecute his appeal within twenty days from the time of the rendition of the judgment, but, by reason of the justice who rendered the judgment, giving to it an improper date, is prevented from perfecting an appeal in an ordinary way, a writ of certiorari is the proper remedy.

Certiorari.—Appeal from an order quashing the writ entered by the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed June 3, 1899.

F. R. HENDERSON and JOHN E. POLLOCK, counsel for appellant.

The petition fully states the case and the only authority we wish to cite is Gibson v. Ackerman, 70 Ill. App. 399.

PEIRCE & PEIRCE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant has appealed to this court from the judgment of the Circuit Court quashing the writ of certiorari which had been previously ordered and issued upon petition presented by him.

By the petition it is made to appear that appellee sued appellant before a justice of the peace for $42.79, the summons having been made returnable December 23, 1896, at one o'clock; previous to this appellant had deposited with the justice of the peace, as a tender in full of appellee's demand, the sum of $35, which he claimed is all that he owed, and that such sum still remains with the justice of the peace as a tender. At the time the summons was returnable the parties appeared and a trial was had of the case before the justice of the peace, who, without giving judgment took the cause under advisement, and continued it until December 31, 1896, at two o'clock, at which time judgment was rendered against appellant for $42.79. Within twenty days after the latter date, but more than

that time after the former date, appellant applied to the justice of the peace to appeal from such judgment to the Circuit Court, and for the first time learned, and which was the fact, that the judgment had been rendered as of December 23, 1896, and for such reason was unable to take the appeal in the ordinary way. It further appears, as we think sufficiently, that appellant had a defense to the merits, and which he presented by reasonable effort before the justice of the peace, to the excess of appellee's demand above $35.

By Section 1, Article 10, Chapter 79, Starr & Curtis, the party against whom a judgment is rendered is given twenty days from the rendition of the judgment in which to file an appeal bond. The justice of the peace could and did not, by dating the judgment at a time prior to the day the same was actually rendered, thereby deprive appellant of full twenty days from the rendition of the same, allowed by law, in which to file his appeal bond. The rights of persons conferred by statute can not be taken away or abridged by the mistake or inadvertence of the justice of the peace in giving to the judgment a date different from the time it was in fact rendered.

It is insisted by counsel for appellee that appellant was guilty of negligence in not prosecuting his appeal within the twenty days after the judgment was in fact rendered. We can not agree with this insistence. We think appellant used all the diligence the law demanded by attempting to prosecute his appeal within twenty days from the time of the rendition of the judgment, but by reason of a mistake or inadvertence of the justice of the peace, in giving the judgment an improper date, he was prevented from perfecting the appeal in the ordinary way.

It was error for the court to quash the writ of certiorari, and for this its judgment will be reversed and the cause remanded.