## George Cox v. Mount Olive & Staunton Coal Company.

1. DECLARATION—*how construed when tested by demurrer.* A declaration must be construed most strongly against the pleader and all reasonable presumptions and inferences stand against him.

2. MINER'S ACT—*when declaration does not charge the existence of a shaft within the meaning of.* Held, that the declaration in this case, tested by demurrer, did not define a shaft within the meaning of the Miner's Act.

3. MINER'S ACT—*what not shaft within meaning of.* A shaft in process of completion is not contemplated and is not within the meaning of the term "shaft" as used in the Miner's Act.

Action on the case for personal injuries. Error to the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

BURTON & WHEELER, for plaintiff in error.

PERCY WARNER, for defendant in error; WARNOCK, WILLIAMSON & BURROUGHS, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in the Circuit Court of Madison County, by plaintiff in error against defendant in error, to recover for a personal injury sustained by plaintiff while in the service of defendant. The Circuit Court sustained a demurrer to plaintiff's declaration, he elected to stand by his declaration, whereupon the court rendered judgment against him in bar of his action, and for costs. The demurrer was a general demurrer, and the question presented here is, whether the declaration states a cause of action.

The declaration consists of two counts based upon clauses (c) and (d) of section 2 of the Mines and Miner's Act. These clauses are as follows: "(c) The upper and lower landings at the top of each shaft, and the opening of each intermediate seam from or to the shaft, shall be kept clear and free from loose materials, and shall be securely fenced with automatic or other gates, so as to prevent either men or material from falling into the shaft."

"(d)  Every hoisting shaft must be equipped with substantial cages fitted to the guide-rails running from the top to the bottom.   Said cages must be safely constructed; they must be furnished with suitable boiler-iron covers to protect persons riding thereon from falling objects; they must be equipped with safety catches.   Every cage on which persons are carried must be fitted up with iron bars or rings in proper place and sufficient number to furnish a secure hand-hold for every person permitted to ride thereon.   At the top-landing cage supports, where necessary, must be carefully set and adjusted so as to act automatically and securely hold the cages when at rest."

The statute in section 34 (c) defines the term "shaft" as used in the Mines and Miner's Act, as follows :   " The term 'shaft' means any vertical opening through the strata which is or may be used for purposes of ventilation or escapement, or for the hoisting or lowering of men and material in connection with the mining of coal."

Originally plaintiff's declaration consisted of many counts, but only two of them are before us for consideration here.   These are denominated, " Second Additional Count," and "Amended First Additional Count."

When tested by demurrer a declaration must be construed most strongly against the pleader, and all reasonable presumptions and inferences stand against him.   A declaration must declare.   Assumptions and recitals will not serve, except by way of mere inducement.   Neither one of these counts sufficiently and properly charges the place complained of to be a shaft within the meaning of that term as defined by the statute.

When the whole of each count is considered together, the inference is quite clear that it was not a shaft in *use* for "*ventilation*," or for "*escapement*," or for the hoisting or lowering of men and material "*in connection with the mining of coal*," but that it was a place where plaintiff and others were engaged in digging a hole in the ground, which when completed it was the purpose to equip and use it as a "shaft" for one or more of the purposes specified in

the statute;· or that they were engaged in sinking a shaft for a coal mine.

The statute does not apply to such places while in the process of construction and before they have reached that stage of completion at which they might be put to one of the specified uses. Springside Coal Mining Company v. Grogan, 53 Ill. App. 60.

The judgment of the Circuit Court is affirmed.

*Affirmed.*