## James E. Moore et al., Appellants, v. Dering Coal Company, Appellee.

MINES AND MINERS ACT—*extent of application.* By the express terms of this act it is limited in its application to "coal mines" and persons employed therein, and it does not apply to a mine or to a shaft of a mine in course of construction or to the persons employed in the preliminary work of construction.

Action in case. Appeal from the Circuit Court of Franklin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

HICKMAN, MOORE & LAYMAN, for appellants.

DENISON & SPILLER, for appellee; W. H. HART, of counsel.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an action in case brought by appellants against appellee to recover for injury to their means of support, caused by the death of their son Charles E. Moore, while working for appellee in sinking an air shaft preparatory to opening up a coal mine.

The appellee owned and operated a coal mine near West Frankfort, Illinois, known as No. 11. At the time of the accident involved in this case, it was engaged in opening up another mine, known as No. 18, about two miles from No. 11. The main shaft of the new mine had been completed down to and through the vein of coal, and appellant had hoisted therefrom in buckets or tubs the coal removed in passing through the vein in the main shaft, but no cages or permanent machinery had been installed and no coal removed for commercial purposes. The air-shaft at the new mine was also in course of construction, but had not been excavated down to the vein of coal. At the air-shaft a temporary engine was installed and being used for

the hoisting of rock blasted out by the men engaged in the sinking of the air-shaft. The engine and machinery at the air-shaft were in no way connected with the engine and machinery at the main shaft. The machinery in use was for construction purposes only and no part of the operating equipment for the mine when completed. The deceased was employed at blasting rock in the construction of the air-shaft, and while going down in the bucket or tub used for hoisting rock, the cable slipped off the drum, which was not provided with flanges, and allowed the bucket to drop a distance of fifteen or twenty feet, causing deceased to lose his hold and fall to the bottom of the shaft.

The declaration is in one count, and charges appellee with wilful violation of the statute in not providing the drum used by the hoisting engine at the air-shaft with flanges as required by clause (c) Section 4, Chapter 93, Revised Statutes. Appellee pleaded not guilty, the case was tried by a jury, which returned a general verdict in favor of plaintiff for $3,000, with special findings on interrogatories submitted as follows:

"1. Was the opening in the ground at which the engine in question in this case was being used at the time Charles Moore was killed, being used for the hoisting or lowering of men and material in connection with the mining of coal? No.

2. Was the opening in the ground at which the engine in question in this case was being used at the time Charles Moore was killed, being used at the time for ventilating any coal mine of the defendant? No.

3. Was the opening in the ground at which the engine in question in this case was being used at the time Charles Moore was killed, being used at the time for an escapement shaft from any coal mine of defendant? No.

4. Was the opening in the ground, at which the engine in question in this case was being used, at the time Charles Moore was killed, at place where the deceased and others were constructing a shaft which

when completed, was to be equipped and used as a shaft for the purpose of an escapement or ventilation for hoisting and lowering of men and materials in connection with the mining of coal? Yes.''

The defendant filed a motion for judgment in its favor upon the special findings, which was allowed and judgment rendered accordingly, from which the plaintiff appealed.

The only question which we deem necessary to consider is made by appellant's fifth assignment, wherein is challenged the action of the court in rendering judgment for appellee upon the special findings of the jury. The special findings are in accord with the undisputed evidence in the record and therefore it only remains to determine, as a matter of law, whether the statute invoked is applicable in this case.

The scope and purpose of the Mines and Miners Act is in the enacting clause, which is "to revise the laws in relation to coal mines and subjects relating thereto and providing for the health and safety of persons employed therein." By plain and express terms the statute is limited in its application to "coal mines" and persons employed therein. A "coal mine" as defined by the statute "is intended to signify any and all parts of the property of a mining plant on the surface or underground, which contributes directly or indirectly, under one management, to the mining or handling of coal." (Section 34).. A "shaft is a necessary part of a coal mine" and this, by statutory definition, is a "vertical opening through the strata which is or may be used for the purposes of ventilation or escapement, or for the hoisting or lowering of men and materials in connection with the mining of coal." We do not think the work and construction in progress at the time of the accident in this case had reached that stage that it could be called a coal mine within the meaning of the statute, for though the main shaft was substantially finished, it did not then contribute directly or indirectly to the mining or hand-

ling of coal, nor could it be so applied or used without further essential equipment not yet installed. And the opening in which deceased was employed was not a "shaft" according to the statutory definition, for it was not and could not be used "for the purpose of ventilation or escapement * * * in connection with the mining of coal." It is true that the purpose of appellant was to construct and develop a coal mine, and that the opening where deceased was at work was intended as an air-shaft for use in connection with such proposed mine when completed, but we find nothing in the statute from which it can reasonably be said that the legislature intended to provide for the safety of persons employed in this preliminary or construction work. In all its provisions for the security and protection of employes, the law seems to contemplate only those engaged about the operation of mining coal, and no where does it appear that those employed to prospect, open up and construct a coal mine, were within the legislative intent. As was said in Springfield Coal Co. v. Grogan, 53 Ill. App. 60, where a like question was under consideration, and the statute was construed: "Courts may expound statutes, but have no power to enact them, nor to extend such as are enacted to cases which might seem in good reason ought to be, but are not, included within them." In the case of Cox v. Mount Olive and Staunton Coal Company, 127 Ill. App. 24, decided by this court, the declaration alleged that plaintiff was injured in digging a hole in the ground which, when completed, it was the purpose to equip and use as a "shaft" for a coal mine, and we then said, "that it is quite clear that it (the hole) was not a shaft in *use* for *ventilation* or for *'escapement'* or for the hoisting of or lowering of men and materials *'in connection with the mining of coal'* " and cited with approval Springfield Coal Mining Co. v. Grogan, *supra*. The case of Spring Valley Coal Co. v. Greig, 226 Ill. 511, cited by appellant, has no application to the question in this case, for the reason, that

the court considered and construed section 34 of the statute as applied to a coal mine entirely completed, fully equipped, and in actual mining operation—circumstances not denied or in any way brought in question. This action is based upon and alleges a wilful violation of a statute which, as above indicated, has no application under the established facts in the case. It follows therefore that the judgment of the Circuit Court must be affirmed.

*Affirmed.*