# Sarah Hanisch, Appellee, v. North American Union, Appellant.

## Gen. No. 16,439.

INSURANCE—*effect of incontestable clause.* *Held,* under the facts in this case that a policy which recited that it was incontestable was not subject to the defense that the insured came to his death while violating the criminal laws, and that the averments in a plea by which the annulment of such clause was sought to be set up were mere conclusions of the pleader.

Assumpsit. Appeal from the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 25, 1912.

R. E. HAMILTON, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The appellee, Sara Hanisch, hereinafter called the plaintiff, was the beneficiary in the benefit certificate wherein the appellant, North American Union, hereinafter called the defendant, undertook, for certain considerations, in the event of the death of Frank Hanisch, the husband of plaintiff, to pay her the sum of $2,000. Her husband having died, and the defendant refusing to pay, she brought suit to recover the amount named in the benefit certificate.

To her declaration a plea of the general issue and two special pleas were filed. Demurrers were filed to the special pleas and sustained, and the defendant electing to stand by said special pleas, a trial was had by a jury. No evidence was offered on behalf of the defendant. The jury returned a verdict for the plaintiff and judgment was entered thereon.

The defendant contends that the court erred in sustaining the demurrers to the two special pleas. The defense sought to be presented by the two special pleas is, in brief, that Frank Hanisch came to his death while and because he was committing an assault and battery, and he therefore came within that provision of defendant's laws which says that "Should a member  *  *  *  meet death while in the act of or in consequence of violating the criminal laws of any state or municipality, his membership in the order shall *ipso facto* on the happening of any or either of such events be annulled, and the benefit certificate of such member shall be null and void and the beneficiary shall not be entitled to receive any payments thereunder."

For the purposes of this decision it may be conceded that the facts as to the alleged assault and battery are sufficiently pleaded, which facts if proven (and if there were no other point in the case) would be a complete defense. But in the laws of the defendant, and also in its benefit certificate, is what is called an "incontestable clause," which is as follows:

"The benefit certificate of a member, after two years from the date hereof shall be incontestable on the part of this order except for the non-payment of dues, assessments, fines or premiums, engaging in prohibited occupations, or becoming habitually addicted to the excessive use of intoxicating liquors, opium, or other injurious drugs or substances contrary to the laws, rules and regulations of this order and the agreements of the member."

This clause is part of the contract of the parties, and it is clear that if this clause were in full force and effect at the time of the death of Frank Hanisch, which was nearly six years after the date of the certificate, the manner of his death, as specially pleaded, was immaterial and was therefore no defense. In other words, the policy was incontestable except for

the causes named in this clause, and none of these causes is alleged by the pleas. This plea seeks, however, to avoid the effect of this incontestable clause by alleging that "said law was annulled by striking the same out of the laws of defendant." That is to say, the bare statement of the pleader is that this important provision of the contract was annulled by striking the same out. There is no other averment in the plea touching the alleged annulling of this clause. There is an abundance of authority for holding, as we do, this to be a mere conclusion of the pleader and obnoxious to a demurror. Cox v. Mt. Olive & Staunton Coal Co., 127 Ill. App. 24; Boynton v. Renwick, 46 Ill. 280; Greig v. Russell, 115 Ill. 483; Fish v. McCann, 205 Ill. 179; Stone v. Kellogg, 165 Ill. 192; Gray v. National Benefit Ass'n, 111 Ind. 531. The demurrer to this plea having been properly sustained, it followed that the incontestable clause was to be considered as in force. It was therefore proper to sustain the demurrer to the plea setting forth the manner in which Frank Hanisch came to his death. It therefore followed that under the pleading and the evidence the only verdict returnable was the one which the jury returned, and the judgment will be affirmed.

*Affirmed.*