DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

---

## Brown Brothers Garage & Tire Company, Inc., Appellant, v. Joe Backes, Appellee.

### Gen. No. 7,590.

1. CERTIORARI—*sufficiency of petition for certiorari to review judgment of justice corruptly preventing taking of appeal.* Where following the trial of an action before a justice the case was taken under advisement until a designated day, and on that day the justice announced a decision for plaintiff and gave defendant to understand that he then entered judgment accordingly, whereas he had entered such judgment four days earlier, the circuit court properly refused to quash a writ of certiorari to review such judgment, the petition therefor alleging, in addition to the foregoing, facts showing that the defendant was thereby and without negligence on his part, prevented from taking an appeal from such judgment within the time limited for so doing, and alleging further that the justice had corruptly, etc., misled the defendant as to the date of such judgment for the purpose of preventing an appeal, such petition being under oath and uncontradicted.

2. CERTIORARI—*presumptions as to petition on motion to quash writ.* On motion to quash a writ of certiorari the averments of the petition therefor, if made under oath and uncontradicted, must be taken as true.

340

3.  APPEAL AND ERROR—*necessity that abstract show appeal prayed or granted.*  Where the abstract of the record does not show that an appeal was ever prayed or granted, affirmance of the judgment appealed from would be warranted, notwithstanding the abstract shows that motion for a new trial was overruled, and that there was an appeal bond and a bill of exceptions, the latter being likewise silent as to whether an appeal was ever prayed or granted.

Appeal by plaintiff from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1925. Affirmed. Opinion filed December 24, 1925.

JOHN E. CASSIDY, for appellant.

DAILEY, MILLER and MCCORMICK & RADLEY, for appellee; R. H. RADLEY and EMERSON T. ANTHONY, of counsel.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Brown Brothers Garage & Tire Company, a corporation, recovered a judgment, before a justice of the peace in Peoria county, against appellee Joe Backes. Appellee filed a petition for writ of certiorari in the circuit court of Peoria county to review the judgment. A writ of certiorari was issued and, upon its return, appellant moved to quash the writ, which motion was overruled. There was a trial by jury, verdict and judgment in favor of appellee, and an appeal has been prosecuted to this court.

The only complaint made upon this appeal is that the court improperly refused to quash the writ. The petition for certiorari was under oath and alleged that on July 19, 1923, a judgment was rendered by a justice of the peace against appellee and in favor of appellant for $206.95, and costs; that the judgment was not the result of negligence on the part of appellee, who appeared on the return day of the summons to defend the suit; that after the evidence was heard the justice took the case under advisement until July 23,

1923; that upon that date appellee and his attorney went to the court of the justice who informed appellee that it was his opinion that appellant should recover of appellee $206.95, and that he rendered judgment accordingly. Appellee thereupon prepared an appeal bond to the circuit court of Peoria county which bond was signed by the Continental Auto Insurance Association as surety. On August 9, 1923, within twenty days from the rendition of the judgment, E. T. Barnewolt took the appeal bond, with a check for $7.25 to cover the justice's fees for the transcript and the approval of the bond and docket fee of the circuit clerk, and left the same at the office of the justice for his approval. It is alleged that the bond was a good and sufficient bond and no objections were ever made to the surety. Several days later the bond was returned to Barnewolt with a statement that it was filed too late; that thereafter appellee learned that the justice had wrongfully, wickedly, corruptly and designedly told appellee that the judgment had been rendered on July 23, 1923, when in truth and in fact the justice had rendered judgment on July 19, 1923, which false statement was made by the justice to prevent appellee from perfecting an appeal within the twenty days as provided by law; that when the justice informed appellee and his attorney that he had rendered judgment on July 23, 1923, appellee believed that such representation was true, and that he would have until August 12, 1923, in which to file his appeal bond; that the suit of appellant was based upon an automobile accident wherein there was a collision, without negligence on the part of appellee, and the accident was the result solely of the negligence of appellant, and that appellant should respond in damages to appellee; that the justice refused to approve the appeal bond, issued an execution upon the judgment, the same being given to a constable who threatens to levy upon the

personal property of appellee and sell the same to satisfy the judgment.

When the petition for certiorari was presented to one of the judges of the circuit court of Peoria county, the writ was ordered issued upon appellee giving bond in the sum of $420 to be approved by the clerk. The motion to quash the writ was in writing, but was not under oath, and no evidence was heard in its support at the time of the hearing on the motion to quash. The grounds of the motion to quash are that the petition failed to allege facts, proof of which would show that it was not in the power of appellee to perfect an appeal, or that the judgment was not the result of negligence of appellee; that it failed to allege that degree of care required by law in perfecting appeals so as to entitle appellee to a writ of certiorari; that it failed to allege that the judgment was unjust and erroneous, and allege the facts constituting the injustice and error; that the petition shows that the appeal bond was not executed according to law.

Section 75, chapter 79 (Cahill's St. ch. 79, ¶ 178, § 75), confers jurisdiction on the judges of the court to which the appeal is taken to grant writs of certiorari. Section 76 provides that the writ of certiorari shall set forth and show, upon the oath of the applicant or his agent, that the judgment before the justice of the peace was not the result of negligence of the party praying such writ; that the judgment, in his opinion, is unjust and erroneous, setting forth wherein the injustice and error consists, and that it was not in the power of the party to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing. Section 77 provides that no writ of certiorari shall issue after the expiration of six months from the date of the rendition of the judgment.

In *Pierce v. Wade,* 19 Ill. App. 185, the petitioner was summoned as a garnishee. He appeared before

the justice, and in his answer denied that he was indebted to the defendant. After he made this return he was told by the justice that he might go, and that the justice had no further use for him, which he understood to mean that he was discharged. Later, a judgment was entered against him without his knowledge. He did not learn that the judgment had been rendered until it was too late to appeal. He filed a petition for a writ of certiorari to review the judgment, and it was held that the facts set forth in the petition were sufficient grounds for the writ.

In *McDonald v. Williams*, 41 Ill. App. 378, at the close of the trial, the justice announced that there would be a judgment in favor of the plaintiff for $195.90, and he noted this amount on the back of the wrapper containing the papers in the case. Later, when the justice wrote up the judgment it was for only $95.90. The plaintiff did not learn of the amount of the judgment until the expiration of twenty days from the date of its rendition and therefore he could not appeal. He filed a petition for a writ of certiorari and the court said:

"Having heard the justice announce his judgment * * * in relying on said announcement as being the judgment, and there was no lack of diligence in his not examining the wrapper or looking at the docket, in order to see that the judgment was minuted and written in the docket as it was announced by the justice. *McNerney v. Newberry*, 37 Ill. 91; *Pierce v. Wade*, 19 Ill. App. 185; *O'Hara v. O'Brien*, 4 Ill. App. 154." It was held that the petition stated sufficient ground to entitle the petitioner to have a writ of certiorari issued.

In *Withers v. Bruntom*, 83 Ill. App. 126, it was held that a justice of the peace cannot date a judgment prior to the day on which the same was actually rendered, and by so doing deprive a party of the full

twenty days in which to appeal, and if this is done certiorari will lie to remedy the injustice.

In the case at bar the sworn petition is the only evidence before us. It alleged that after the trial, on July 17, 1923, the justice took the case under advisement until July 23, 1923, at which date appellee and his attorney appeared and heard the decision. The justice announced that it was his judgment that appellant should recover $206.95, and that he rendered judgment accordingly. The judgment was not rendered on that day, but had been entered on July 19, 1923. The justice did not inform appellee of that fact, but led him to believe that the judgment would be rendered as of July 23, 1923. The appellee had a right to rely upon this statement of the justice, and he was not required to examine the docket to see that the judgment was rendered as it was announced by the justice. The petition also alleged that the justice wrongfully, wickedly, corruptly, and designedly told appellee that the judgment had been rendered on July 23, 1923, which false statement was made for the purpose of preventing appellee from perfecting an appeal within twenty days as provided by law. The petition was under oath, was not contradicted, and we must take its allegations as true upon the motion to quash. It contained sufficient allegation to bring it within the provisions of the statute with reference to petitions for certiorari and the court properly refused the motion to quash.

There is another ground upon which the judgment might be affirmed. The abstract of the record does not show that any appeal was ever prayed or granted. It shows that a motion for a new trial was overruled; that there was an appeal bond and a bill of exceptions. No part of the bill of exceptions appears in the abstract, and it is silent as to an appeal having been prayed or granted. Notwithstanding the fact that the abstract does not show that an appeal was prayed or

granted we have deemed it best to consider the question upon its merits rather than affirm it upon other grounds.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*