# CHILLICOTHE FERRY, ROAD & BRIDGE COMPANY

## *v.*

## ELISHA JAMESON *et al.*

48   281
141   441
48   281
42a   374
48   281
78a   247

1. EVIDENCE—*practice.* The rules of practice require each party to introduce all of his evidence in chief when proving his case, but they have a right afterwards to introduce rebutting evidence in support of their evidence in chief; but a court may, in its discretion, at any time before the argument to the jury commences, permit either party to introduce evidence in chief, to promote justice, nor can error be assigned on the admission of such evidence.

2. SAME—*attorney as witness.* While an attorney is not a competent witness to disclose confidential communications of his clients, he may testify to facts he learns or knows from other sources than from the relation of attorney and client; and, it should appear that he derived his knowledge from that relation before it is excluded.

3. NEW TRIAL—*verdict against the evidence.* Where evidence is conflicting, it is the province of the jury to weigh it, and give it such weight as it is entitled to receive, and having done so, their verdict will not be disturbed unless it is clearly against its weight.

APPEAL from the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

This was an action of assumpsit, brought to the Circuit Court of Peoria County, by appellees against appellant, to recover upon a contract for grading.

Upon the trial of the cause in the court below, the jury returned a verdict for the plaintiffs, and assessed their damages at $2,095.82, for which the court rendered judgment. The defendants moved for a new trial, which was denied by the court, and they bring the cause to this court, and ask that the judgment of the court below be reversed, and assign as errors:

1st. The court improperly refused to grant a new trial asked for by appellants.

36—48TH ILL.

2d. The court erred in admitting evidence for the appellees.

3d. The court gave improper instructions for the appellees.

4th. The court refused to give proper instructions asked for by the appellants.

Messrs. O'BRIEN & WELLS, for the appellants.

Messrs. McCoy & STEVENS and Messrs. INGERSOLL & Mc-CUNE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is urged that the court below erred in permitting appellees to call witnesses and introduce evidence in chief, after appellants had closed their testimony. On the other side, it is contended that this evidence was strictly rebutting, or if it was not, that it was discretionary with the court below to permit them to introduce evidence in chief, and the exercise of such a discretion would not be subject to review in this court. All works on evidence state it as a rule of practice, that a plaintiff should, in the first instance, introduce the evidence necessary to sustain his case, and the defendant should introduce all his evidence in chief after the plaintiff has closed his case, but the parties have the right to introduce rebutting testimony. They should however, not withhold evidence in chief, to be introduced as rebutting testimony. But in case of accident or inadvertence, if material evidence in chief is omitted, it is discretionary with the court, in the attainment of justice, to admit it at any time before the commencement of the argument to the jury. And it is discretionary with the judge who tries the cause, to permit the introduction of evidence out of its order, but such discretion is not usually exercised except for good reasons, and to advance justice. But when the court below has permitted it, the presumption will be indulged that the discretion was properly exercised.

It is not unfrequently a matter of some difficulty to determine whether evidence is strictly testimony in chief, or is properly rebutting. It may be so with a portion of plaintiff's evidence in this case; but from a careful perusal, we are inclined to think it was properly regarded as rebutting evidence. Appellees proved that they had done a specified amount of grading at a particular price. When appellants' engineers were called, they fixed the amount below that of appellees, and they then recalled their engineer to prove that he had allowed ten per cent. for shrinkage, according to custom in such work, and that the others had not made the allowance. He might, no doubt, have given this explanation when testifying in chief, but failing to do so, there could be no objection to permit him to be recalled for the purpose, after appellants had closed their testimony. And the evidence objected to was, most of it, of a similar character. We perceive no error in thus permitting its introduction.

It is also urged that it was error to permit Gibbons, who had been appellants' attorney, to testify. It is true, that to permit an attorney to disclose the secrets of his client obtained from him, and not from other sources, is illegal and erroneous. The question then arises, whether it appears that Gibbons did testify to facts which he only learned from his clients, while the relation of attorney and client continued, as he was a competent witness as to facts learned from other sources, or even from his former clients if communicated after the relation had ceased. The only portion of his testimony that seems to be important, was in reference to Hosmer's knowledge that the ditch on the north side of the embankment had been abandoned as useless. He does not state when this came to Hosmer's knowledge—whether while acting as appellants' attorney, or afterwards. He says that he was their attorney while the contract was being made, and drew a part of a contract, a portion of which was rejected, and the balance was assented to but was not adopted. It does not appear that

Hosmer then knew that the construction of the ditch had been abandoned, but as the contract required it, and it was subsequently made, we cannot infer that the witness learned it at that time, but rather that it was subsequent to that time. Nor does he say when, how, or from whom he learned that Hosmer knew the ditch had been abandoned. It may have been after he ceased to be appellants' attorney, or, if not, he may have heard the agreement made, that the construction of the ditch should be abandoned. The witness was an attorney, and must have known that it would not only be erroneous, but highly dishonorable, to violate the confidence the law imposes between attorney and client, by improperly divulging the secrets of his clients. We cannot presume that he would, but would himself have raised the objection on the trial, and appealed to the court to protect him from being compelled to do so, in giving his testimony. The record fails to show that this testimony was privileged.

As it relates to the testimony of engineers, it was conflicting, no two agreeing as to the amount of the excavation which appellees did under the contract. In case of such a want of harmony in the testimony, it was the duty of the jury to weigh and carefully consider it, and be governed by that portion which they believed to be true. They, we must presume, acted upon this rule, and we can see that there is evidence to sustain their finding; and we are not disposed to disturb their verdict. Nor do we perceive any force in the objection that appellees deviated from the terms of the specifications, in performing the labor. It seems all to have been done under the directions of appellants' engineer. If any alterations were made, it was by their own agent, appointed by them, and agreed to by appellees, to superintend its construction; hence, appellants have no right to complain.

Exceptions are taken to the instructions given for appellees, and the refusal to give a portion of those asked by appellants. After an attentive perusal of all the instructions, as well those

given as those refused, we do not discover any error. Those given we think fully and fairly presented the case to the consideration of the jury. Nor can we see that if those which may have embodied correct legal propositions, and which were refused, had been given, the result could have been different. The principles applicable to the case were embodied in the instructions given, and where correct rules applicable to the case were contained in any of those refused, it will be found that the same principle, although differently stated, had already been given, and it could serve no beneficial purpose to repeat them to the jury.

From the whole record, we cannot see that any error has been committed which requires a reversal of the judgment, and it must be affirmed.

*Judgment affirmed.*