ELIZABETH HAY

*v.*

JOHN R. HAYES.

1. BILL OF EXCEPTIONS — *when necessary.* An assignment of error on the ruling of the court below, on a motion not preserved in the bill of exceptions, made to strike certain pleas from the files, will not be considered by this court. Motions of that character, and the decision of the court thereon, can become a part of the record only by a bill of exceptions.

2. EXECUTION — *on judgment before a justice — within what time to issue.* Where execution is not issued on a judgment recovered before a justice of the peace, within a year from its rendition, though afterward one is issued, and returned *nulla bona* and a transcript then filed in the circuit court, an execution issued upon such transcript is a nullity. The only remedy in such case is a suit upon the judgment.

3. So in an action of replevin to recover goods levied on under execution, it is no justification of the officer that the seizure was made by virtue of an execution issued from the circuit court under such circumstances.

4. MARRIED WOMEN — *of their separate property.* Previous to the law of 1869, the earnings of a married woman belonged to her husband, and the fact that she received sewing machines for earnings, and bartered them for horses, would not change the character of the transaction so as to render the latter the separate property of the wife.

[*] JAMES H. KEELER et al. v. CITY OF CHICAGO. In this case the same question was involved and the same decision rendered.

APPEAL from the Circuit Court of Stephenson county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion contains a sufficient statement of the case.

Mr. THOMAS J. TURNER AND SON, for the appellant.

Mr. J. A. CRAIN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of replevin, brought by Elizabeth Hay against John R. Hayes, to recover three horses. The defendant pleaded that he was sheriff, and had seized the horses by virtue of certain executions against plaintiff's husband. The verdict and judgment were for the defendant.

Counsel for appellant insist that the court erred in over-ruling a motion to strike certain pleas from the files, but this motion was not preserved in the bill of exceptions. Motions of this character, and the decision of the court thereon, are made a part of the record only by a bill of exceptions.

The judgments upon which the executions issued were properly admitted in evidence, except that in favor of Harriet L. Guier. This was a judgment originally rendered before a justice of the peace, in 1863, and no execution was issued thereon until 1869, when one was issued, and returned *nulla bona*. A transcript was then filed in the clerk's office of the circuit court, and execution issued.

If execution is not issued on a judgment in a court of record within a year, it so far loses its vitality that none can issue until the judgment has been revived. Greater effect should not be given to a judgment before a justice than to a judgment of a court of record, and, if the party recovering such a judgment fails to sue out an execution within a year from its rendition, his only remedy would be another suit upon the judgment. This judgment was improperly admitted in evidence, but it

worked the plaintiff no harm, as the justification of the officer was complete under the others, and its admission is therefore no ground for reversal.

It is not necessary to consider the instructions in detail. They gave to the jury the law governing the case, with substantial correctness, and, on the undisputed facts, the verdict was clearly right. Two of the horses were bought with the earnings of the wife, which, as the law then stood, belonged to the husband. The fact that she received sewing machines for her earnings, instead of money, and bartered them for horses, does not change the character of the transaction. The third horse bought of Taylor was sold and delivered by him to plaintiff's husband, and the plaintiff subsequently gave her note to Taylor for the price. It is perfectly clear, from the testimony of both Taylor and the plaintiff, that her note was given merely to shield the property from the creditors of her husband. The judgment must be affirmed.

*Judgment affirmed.*