<em>Judgment reversed.</em>

# NORMAN C. THOMPSON

<em>v.</em>

# CHAUNCEY H. WHITE.

MOTIONS—*should be presented by bill of exceptions.* In an attachment proceeding, commenced before a justice of the peace, a party was garnisheed as having property and effects in his hands belonging to the defendant in the attachment, and at the trial before the justice a judgment was rendered against him as such garnishee. The party failed to take an appeal from the judgment of the justice, in the ordinary way, but removed the case to the circuit court, on a writ of *certiorari* issued on a petition filed under the provisions of the statute. In the circuit court, the plaintiff in the attachment entered a motion to quash the petition and writ, and dismiss the

appeal, for the reasons that the appeal could have been taken in the ordinary way under the statute, and that the petition was defective, in not stating facts sufficient to justify the court in assuming jurisdiction. Upon appeal to this court, the bill of exceptions showed that the motion to quash was made, but did not show that the circuit court ever acted on it, or if it did, that any exception was taken to its ruling: *Held*, that the action of the court on the motion was not subject to review, for the reason that such motions and exceptions only become a part of the record by being incorporated in the bill of exceptions.

APPEAL from the Circuit Court of Kane county ; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. BOTSFORD, BARRY & LOVELL, for the appellant.

Mr. A. M. HERRINGTON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

This was an attachment proceeding, originally commenced before a justice of the peace, by the appellant, against Isaac B. Garrison.

The appellee was garnisheed as having property and effects in his hands belonging to the defendant in the attachment, and at the trial before the justice the appellant obtained a judgment against him as such garnishee.

The appellee failed to take an appeal from the judgment of the justice in the ordinary way, but removed the cause to the circuit court, on a writ of *certiorari* issued on a petition filed under the provisions of the statute.

In the circuit court, the appellant entered a motion to quash the petition and writ, and dismiss the appeal, for two reasons: first, that the appeal could have been taken in the ordinary way under the statute; and second, that the petition was defective, in not stating facts which would justify the court in assuming jurisdiction.

The bill of exceptions shows that the motion to quash was made, but does not show that the court ever acted on it, or if it did, that any exception was ever taken to the ruling of the court.

It has been repeatedly held that unless motions of the character of the one made in this case, and the action of the court on them, are preserved in the bill of exceptions, they can not be considered on appeal. Such motions and exceptions only become a part of the record by being incorporated·in the bill of exceptions. *Snell* v. *Trustees M. E. Church*, 58 Ill. 290.

It is urged that the merits of the case are with the appellant, and for that reason the judgment ought to be reversed.

The cause seems to have been fairly submitted, on instructions to which no objections have been pointed out.

The question at issue was whether the note in the hands of the appellee, at the date of the garnishee process, belonged to Isaac B. Garrison or to John R. Garrison. The jury found that issue for the appellee—that the note did not belong to Isaac B. Garrison; and we are not prepared to say that they did not find correctly.

No reason is perceived why the judgment should be reversed, and it is accordingly affirmed.

*Judgment affirmed.*