BENTON MAUZY

v.

AUGUST KINZEL.

1. NEGLIGENCE OF HOTEL PROPRIETOR.—An action brought by appellee against appellant, to recover damages for an injury sustained by appellee from falling down an elevator shaft which had been left unguarded. The premises were kept by appellant as a lodging house and appellee, his guest, while searching for a water closet in the night time, fell down this shaft. Appellant did not have the control of the elevator and never used it. *Held,* that it was appellant's duty to have maintained a barrier to the entrance which led to the elevator.

2. PRACTICE—ADMISSION OF EVIDENCE.—It is a matter of discretion with the trial court whether a party will be permitted to give further evidence after his case has been closed and the exercise of such discretion is not ordinarily subject to review.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed June 9, 1886.

This action was brought to recover damages for an injury sustained by appellee from falling into an elevator shaft, through an opening alleged to be upon premises kept by appellant as a lodging house or hotel. Appellee was a guest of the hotel, having, with a companion, taken a room for the night. At an angle in the hall from which the room opened was a short hall in which was an opening leading into the elevator shaft, which opening was without a door or barricade to prevent persons passing through it. This short hall leading to the elevator was used by appellant to store some articles of furniture in, but he did not use the elevator. The evidence tends to show that he knew the door into the elevator shaft was left open from time to time by men who went through there to fix the elevator. Appellee, in the night, was compelled to answer a call of nature, and in groping around in the darkness for the water closet, found this opening in the elevator and mistook it for a door leading to the water

closet, and stepping into it was precipitated to the bottom of the shaft and received the injury complained of. There was a water closet on the same hall on which appellee's room was situated, a little distance down the hall. There was a verdict and judgment for appellee, and the case is in this court by appeal.

Mr. GEORGE W. CASS, for appellant.

Messrs. KRAUS, MAYER & BRACKETT, for appellee.

MORAN, J. It is urged as one ground of error, that the court below allowed the plaintiff to introduce further testimony after his counsel had announced that plaintiff's case was in, and after defendant had moved the court to exclude the evidence as being insufficient to sustain a verdict.

It is a matter of discretion with the trial court whether a party will be permitted to give further evidence after his case has been closed, and the exercise of such discretion is not, ordinarily, subject to review: Wellborn v. Odell, 29 Ill. 456 ; Chillicothe Ferry R. & B. Co. v. Jameson, 48 Ill. 281.

As to the merits of the case we have carefully examined the evidence in the record and the instructions given by the court, and we are of the opinion that there is no ground for reversal of the case.

Whether the appellee was in the exercise of ordinary care at the time of the accident, was left to the jury on full and perspicuous instructions given on behalf of both plaintiff and defendant, and the jury, upon consideration of all the facts, have found that he was guilty of no lack of ordinary care. The court fully and fairly instructed the jury, at appellant's request, as to his duties, and as to the measure of the care due from him for the safety of the guests of his house.

Complaint is made that the court refused to give defendant's instruction telling the jury that if they found from the evidence that defendant did not have control of the elevator in the building, nor of the passage way leading to the elevator, then it was not the duty of the defendant to protect or guard said elevator shaft, and the plaintiff can not recover, etc.

It was conceded that the defendant had the use and control of the hall on which the plaintiff's room opened, and from which the short hall, on which the elevator shaft was situated, led off. Granting that defendant had no control of the elevator shaft, or the small hall leading to it, it was his duty to have maintained a door or barrier at the entrance from the main hall to the small hall which led to the dangerous aperture. To leave the approach from his hall to another which conducted his guest to a pit fall, open and unguarded, was such negligence as would make him liable, in our opinion, and that he had no actual control of the small hall, and the shaft itself, would not relieve him. When the conditions are permitted to be such, in a hotel, that from slight want of attention, or from the confusion or misapprehension that naturally attends a stranger in feeling his way through a dark hall, one may be led up, without meeting door or barrier, to a well hole into which a plunge is taken, it may be to death, the hotel keeper can not escape the charge of negligence on the plea that he had no right to close up the well hole itself. He might bar or close up the entrance to a small hall, and thus prevent guests of his house, who were unacquainted with the location and the limits of his possession and control in the halls, from entering the passage to tread which in the darkness was dangerous.

The language of the Supreme Court in the case of Hayward v. Merrill, 94 Ill. 357, is peculiarly applicable to the facts of this case. " The proprietor of a hotel, to which he invites the public to come that he may make gains thereby, has no right to permit the existence of such an opening as this one was, unless suitably guarded, that the slightest mistake on the part of the guest might not prove fatal. * * * The opening ought to have been better protected than it was, and the omission to do so, under the circumstances proven, may well be attributed to the defendant as gross negligence."/

There was no error in refusing the instruction, and the judgment was correct, and must therefore be affirmed.

Affirmed.