The Chicago, Rock Island and Pacific Railway Company.

*v.*

Town of Calumet.

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. JUDGMENTS—*presumption in support of.* The Circuit Court being a court of general jurisdiction, it will be presumed, unless the contrary appears, that its judgment was entered upon a showing made before the court that authorized it. Every reasonable intendment will be made in support of the judgments of such courts.

2. PRACTICE—*assigning error—in ruling upon a motion—bill of exceptions.* The rule is well established that when a party desires to assign error on the decision of the court on a motion, the motion, the ruling of the court upon it, and the exception, should be preserved in the record by bill of exceptions.

3. If the plaintiff desires to question the decision of the court in setting aside the dismissal of an appeal and reinstating the appeal at a term subsequent to the term the appeal was dismissed, he should except to the decision, and incorporate the motion and order of the court and exception in a bill of exceptions.

4. SAME.—*preserving the evidence—bill of exceptions—presumption.* In cases at law, evidence can only be preserved in the record by bill of exceptions, and the correctness of the finding of the court below will not be examined on appeal or error, unless all the evidence upon which the court acted is thus preserved.

5. Where the bill of exceptions fails to give any evidence, or does not set out all the evidence heard on a motion to dismiss an appeal this court will presume that the judgment dismissing the appeal was warranted by the facts in evidence before the court.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

This was an action originally brought before a justice of the peace by the Town of Calumet in Cook county, against The Chicago, Rock Island & Pacific Railway Company, to recover a fine under section 35 of an "Act in relation to fencing and operating railroads," approved March 31, 1874, in force July 1, 1874. Starr & Curtis' Ann. Stat., chap. 114, par. 90.

On a trial before the justice, plaintiff recovered a judgment of $200, and the defendant appealed to the Circuit Court of Cook County. A transcript of the proceedings before the justice was duly filed in the Circuit Court on April 4, 1890, and as appears from the transcript of the record, on March 24, 1892, the appeal was dismissed, and the court entered a judgment as follows:

"This cause being this day called for trial and the appellant failing to prosecute its appeal in this behalf, on motion of appellee's attorney it is ordered that said appeal be, and the same is hereby dismissed at appellant's costs for want of prosecution.

"Therefore, it is considered by the court that the appellee do have and recover of and from the appellant its costs and charges in this behalf, as well as in the court below, expended, and have execution thereof, and that *procedendo* issue to the court below."

No further steps were taken in the cause during that term of court, but, two terms after the dismissal, on July 29, 1892, the court entered the following judgment: "On motion of defendant, by its attorney, it is ordered by the court that the order of dismissal and judgment entered herein on May 24, 1892, be, and the same is hereby, set aside and vacated, and that said appeal be and it is reinstated upon the docket of this court." Subsequently, on the 20th day of January, 1893, the court, on motion of plaintiff, dismissed the appeal. Thereupon the defendant appealed to the Appellate Court, where the judgment was affirmed, and to reverse the latter judgment the defendant appealed to this court. The appellant has assigned for error the judgment of the Appellate Court, affirming the judgment of the Circuit Court, and the appellee has assigned the following cross-errors:

"1. The court erred in granting appellant's motion, filed July 26, 1892, to set aside the judgment of the Circuit Court, made and entered May 24, 1892, dismissing appellant's appeal awarding *procedendo* and for costs.

2. The court erred in making and entering its order of July 29, 1892, setting aside said judgment of May 24, 1892, and reinstating said appeal."

Mr. Robert Mather and Mr. Henry S. Waldron, for the appellant.

Messrs. Greenacre & Brigham, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

The question attempted to be raised by the cross-errors is not presented by the record submitted for our consider-

ation, and can not be considered. The rule is well settled that where a party desires to assign error on the decision of the court on a motion, the motion, the ruling of the court upon it, and the exception, should be preserved in the record by bill of exceptions. Here, on the motion of the defendant, the order of dismissal of May 24, 1892, was vacated and set aside, and the appeal was reinstated, but the motion has not been preserved, nor was any exception taken or preserved to the decision of the court sustaining the motion. Whether the court erred in the decision made has not been raised by the record, and can not be considered. As said in *Burns* v. *The People*, 126 Ill. 285:

"If the defendants desired to raise the question, they should have entered the motion, procured a decision of the court, excepted to the rulings of the court, and then made the motion, ruling and exception a part of the record by bill of exceptions." See, also, *Snell* v. *Trustees M. E. Church*, 58 Ill. 290; *Harms* v. *Aufield*, 79 id. 258; *James* v. *Dexter*, 113 id. 656; *Earll* v. *People*, 73 id. 331; *Reed* v. *Horne*, id. 599.

If the plaintiff desired to question the decision of the court reinstating the appeal at a term subsequent to the term the appeal was dismissed, he should have excepted to the decision of the court, and incorporated the motion and order of the court and exception in a bill of exceptions. Then plaintiff would have been in a position to question the ruling of the court.

As has been seen, the court, on motion of the plaintiff, on January 20, 1893, dismissed the appeal, and it is claimed by the defendant that this judgment is erroneous. The defendant excepted to the ruling of the court in dismissing the appeal, and preserved the exception by a bill of exceptions. But what facts were presented for the consideration of the court which led to the judgment, or upon what grounds the court dismissed the appeal, is not disclosed by

the record. The bill of exceptions incorporated into the record is as follows:

"Be it remembered, that on the 20th day of January, A. D. 1893, being one of the days of the January, 1893, term of said court, this cause came on to be heard on the motion of the appellee, the said town of Calumet, to dismiss the appeal herein, and thereupon the court granted the said motion, and dismissed the said appeal, and awarded a *procedendo* to said justice of the peace, and rendered judgment in favor of said appellee, the said town of Calumet, and against the appellant, the said Chicago, Rock Island & Pacific Railway Company, for costs, to which ruling and decision of the court in dismissing said appeal, and in awarding said *procedendo*, and in rendering judgment as aforesaid, the said appellant, the Chicago, Rock Island & Pacific Railway Company, by its attorney, then and there excepted.

"And forasmuch as the matters and things above set forth do not fully appear of record, the said appellant, the said Chicago, Rock Island & Pacific Railway Company, tenders this, its bill of exceptions, and prays that the same may be signed and sealed by the judge of said court, in accordance with the statute in such case made and provided, which is accordingly done this 2d day of February, A. D. 1893."

This is the only bill of exceptions found in the record. The Circuit Court was a court of general jurisdiction, and it will be presumed, unless the contrary appears, that the judgment was entered upon a showing made before the court that authorized it. In *Iglehart* v. *Pitcher*, 17 Ill. 308, it is said, every reasonable intendment will be made in support of the judgments of courts of general jurisdiction. We not only presume in their support due notices and rules, to support the default—for it is the act and order of the court and not of the plaintiff—but we will presume that the plaintiff produced, and the court heard, sufficient evidence to sustain the finding and judgment thereon. In *Rich* v. *Hathaway*, 18 Ill. 548, it was held, that all intendments will

be in favor of the legality of the proceedings when they depend upon matters of fact, unless their existence is denied by bill of exceptions. In *Kern* v. *Strasberger*, 71 Ill. 303, it was held, where the court has jurisdiction of the parties and of the subject-matter of litigation, every presumption of law is in favor of the regularity of the judgment. It was also held in cases of law, evidence can only be preserved in the record by bill of exceptions, and the correctness of the finding of the court below will not be examined on appeal, unless all the evidence upon which the court acted is thus preserved. In *Hermann* v. *Pardridge*, 79 Ill. 471, it was held, where the court has jurisdiction of the person and subject-matter and renders judgment, and there is no bill of exceptions, the court will presume that the judgment is in all respects regular. See, also, *Hay* v. *Hayes*, 56 Ill. 342. Here the bill of exceptions does not purport to contain all the evidence heard by the court on the motion, nor does it purport to contain any of the evidence. We must, therefore, under the rule announced in the cases cited, presume that the judgment dismissing the appeal was warranted by the facts in evidence before the court at the time the judgment was rendered. It is claimed that the motion to dismiss the appeal was predicated on the ground that the action was a criminal, or *quasi* criminal, action, and under the constitution the Criminal Court of Cook county had exclusive jurisdiction, and that the court dismissed the appeal on that ground. But if that was the case, it devolved on the defendant to show the fact by bill of exceptions, and as that fact does not appear from the record before us, we will presume that the Circuit Court dismissed the appeal upon some of the many grounds upon which that court may dismiss an appeal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*