## George Argo v. The People of the State of Illinois.

1. PRACTICE—*Admitting Evidence After the Close of the Testimony Discretionary.*—It is discretionary with the trial judge to permit the plaintiff to introduce proper testimony after he has concluded his evidence in chief, and after the defendant has closed his evidence. The exercise of such discretion is never ground to reverse a judgment unless some injury has been occasioned to the party complaining.

2. NEW TRIALS—*Newly Discovered Evidence.*—When an affidavit read in support of a motion for a new trial shows the alleged newly discovered evidence tends only to contradict some of the evidence offered by the opposite party, and is not of that conclusive character required to cause the court to grant a new trial, the motion is properly overruled.

Indictment, for carrying concealed weapons. Trial in the Circuit Court of Piatt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Verdict of guilty. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellant.

CHARLES F. MANSFIELD, state's attorney, for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellant was convicted in the Circuit Court of Piatt County, before a jury, of carrying a concealed weapon, and adjudged to pay a fine of $25 and costs. The appellant appeals the case to this court and complains, first, that the trial court admitted the witness Alexander to testify to matters which were only proper as evidence in chief after the appellee and the appellant had closed their evidence, when only rebuttal evidence was proper. We have examined all the evidence in this case and fail to find how the appellant was prejudiced by the order in which the evidence of Alexander was received, or that in admitting it when offered the trial judge unreasonably exercised the discretion with which the law clothes him in permitting a plaintiff to introduce proper testimony after he has concluded his evidence in

chief and after the defendant has closed his evidence. The exercise of such discretion is never ground to reverse a judgment unless some injury has been occasioned to the party complaining. C. F. R. & B. Co. v. Jameson et al., 48 Ill. 281; City of Sandwich v. Dolan, 141 Ill. 430, and cases cited therein.

It not unfrequently happens, as in the case here, that it is quite difficult to properly determine whether certain offered testimony is properly evidence in chief or rebuttal; hence the law has wisely clothed trial courts with a liberal discretion in allowing or denying the admission of further evidence of either party after the evidence in chief has been closed, where, in exercising such discretion, no injury is inflicted on either of the parties.

It is further insisted that the court ought to have given the appellant a new trial on account of the facts disclosed in the affidavit of the appellant presented with his motion therefor. We have examined the affidavit and find it was not sufficient to warrant the court in granting a new trial on account of newly discovered evidence, since it showed that the newly discovered evidence, set out in the affidavit, would only contradict some of the evidence offered by the appellee, and was not of that conclusive character as it must be to cause the court to grant a new trial on that account.

Lastly, the appellant insists the evidence did not warrant the jury in believing the appellant was guilty, as charged, beyond a reasonable doubt, and the judgment ought to be reversed for that reason. The evidence was conflicting on some of the material points, it is true, but it is the province of the jury to determine the facts in such cases, and since there is an abundance of evidence to support the verdict, we are unable to say that the jury arrived at a wrong conclusion.

Finding no reversible error in the proceedings of the Circuit Court in this case, we affirm the judgment appealed from. Judgment affirmed.