The Indiana, Decatur and Western Railway Co.
v.
August Hendrian, Admr.

190    501
103a  ¹290

*Opinion filed June 19, 1901.*

1. TRIAL—*when admission of testimony after argument will not reverse.* The admission of testimony after the arguments have been made and the instructions read rests in the sound discretion of the court, and the exercise of such discretion is not ground for reversal unless some injury is occasioned to the party complaining.

2. INSTRUCTIONS—*instructions presumed to have been read as they appear in the bill of exceptions.* Instructions become part of the record only when preserved in the bill of exceptions, and hence it will be presumed they were read to the jury as they therein appear.

3. APPEALS AND ERRORS—*bill of exceptions prevails over recitals by clerk in the record.* A recital made by the clerk in the record cannot prevail as against what is shown in opposition to it in the bill of exceptions.

*I., D. & W. Ry. Co.* v. *Hendrian,* 92 Ill. App. 462, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This is an action on the case, begun at the October term, A. D. 1899, of the circuit court of Macon county, by the appellee, as administrator of the estate of Frederick C. Hendrian, deceased, against the appellant railway company to recover damages for the death of plaintiff's intestate. The trial in the circuit court resulted in a judgment in favor of appellee for the sum of $1500.00. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

In deciding this case the Appellate Court makes the following statement: "The deceased was a boy of about twelve years of age. He and three other boys about the same age got upon the foot-board of a switch engine in

appellant's yard (at Decatur) to ride to a brickyard for which they had started. The engineer, on discovering the boys and while the engine was moving, started toward them. The three boys testified that he ordered them to get off, that he kicked one of them in the back and kicked the deceased with such force that he fell off and was run over by the engine. The engineer denied that he ordered the boys off or kicked either of them. In the conflict it was the province of the jury to find the truth."

R. D. Marshall, and Outten & Roby, for appellant.

Charles M. Borchers, and Albert G. Webber, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

The judgment of the circuit court in favor of the plaintiff, and the judgment of the Appellate Court affirming the judgment of the circuit court, are conclusive as to the facts in the case, so far as this court is concerned.

*First*—After the attorneys for both parties had made their arguments to the jury, and the instructions had been read to the jury, the plaintiff asked leave to introduce another witness. The court permitted this to be done, and allowed the witness to testify over the objection of the appellant. The testimony so admitted was that of one of the boys, who was upon the foot-board of the engine with the deceased, and was in relation to the family of the boy who was killed, showing that the deceased left surviving him as his next of kin, his father, mother, brothers and sisters, their ages, etc.

The admission of the testimony, under the circumstances as thus indicated, was a matter which rested within the sound discretion of the trial court. It is true that the discretion vested in the trial court is not an arbitrary but a judicial discretion. There is nothing, how-

ever, to indicate that there was here any abuse of this discretion by the trial court. The exercise of such discretion is never regarded as a sufficient ground to reverse a judgment, unless some injury has been occasioned to the party complaining. (*Argo* v. *People,* 78 Ill. App. 246; *City of Sandwich* v. *Dolan,* 141 Ill. 430; *First Nat. Bank* v. *Lake Erie and Western Railroad Co.* 174 id. 36). The testimony admitted was not upon a disputed question, and it does not in any way appear that the appellant was injured by it. We do not, therefore, regard the action of the court in this matter as sufficiently erroneous to justify us in reversing the judgment on that account.

*Second*—The appellant asked the trial court to give to the jury the following instruction known as appellant's instruction No. 2:

"The jury are instructed that, in determining the weight and preponderance of the evidence in this case, if they believe any witness has sworn falsely on any matter, they have a right to take such fact into consideration in determining the amount of credibility to be given to the evidence of such witness in any matter about which he may have testified."

Appellant contends that, when giving the instructions to the jury, the court inserted in instruction No. 2, as above quoted, after the word "has" and before the word "sworn," the word "willfully," and read the instruction to the jury with the word "willfully" in it. Appellant further contends that, when the motion for new trial was taken up for argument, this instruction was found in the files with the word "willfully" erased.

Appellant's position upon this subject is thus stated in the brief of its counsel: "It appears *first* that the instruction with the word 'willfully' inserted was read to the jury, but was not given to the jury in writing. It was, therefore, a direct violation of our statute requiring that all instructions shall be in writing. * * * *Second,* a written instruction was sent to the jury, which

was never publicly read in court, and of which the attorneys for the respective parties were not advised. Such instruction was not given to the jury as required by law." In other words, the contention of the appellant is that the court inserted the word "willfully" in the instruction and so read it to the jury, but had erased the word "willfully" when the instruction was taken by the jury into the jury room.

As the record is presented to us, we can come to no other conclusion than that the contention of the appellant is not correct as matter of fact, and that the instruction, both as read to the jury from the bench and as given to the jury to be taken into the jury room, did not contain the word "willfully."

The bill of exceptions contains the following recital: "And thereupon the court gave to the jury on behalf of the defendant, the following instructions." Then follow instruction No. 1, given for appellant, and instruction No. 2, given for appellant. Instruction No. 2 appears in the bill of exceptions to have been given without containing the word "willfully." The instruction, as it appears in the bill of exceptions, shows that the word "willfully" was erased. We can only know what instructions were given by the trial court, and what instructions were refused by the trial court, from the bill of exceptions. Instructions only become a part of the record when they are incorporated into the record by means of a bill of exceptions. (*Drew* v. *Beall*, 62 Ill. 164; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Harper*, 128 id. 384). The bill of exceptions here shows that instruction No. 2 was given to the jury without the word "willfully" being in it, or, what is the same thing, with the word "willfully" erased where it is interlined between the word "has" and the word "sworn." In such cases, every intendment will be indulged in to sustain the judgment of the court below. (*Mullen* v. *People*, 138 Ill. 606). It will, therefore, be presumed that the word "willfully" was erased when the

instruction was read to the jury, as it appears in the bill of exceptions. The bill of exceptions does not show that any instruction was given to the jury with the word "willfully" in it; and our only guide as to what took place in the trial court in reference to this matter is the bill of exceptions.

Among the reasons assigned by the appellant in favor of its motion for a new trial were these: ."(3) The court gave improper instructions to the jury on behalf of the plaintiff, particularly the second instruction as modified; * * * (4) the court improperly modified, and gave to the jury, as modified, the second instruction asked by the defendant." The bill of exceptions then recites that, by leave of the court, the above motion for new trial was amended to show as a seventh ground for said motion the following: "The court improperly refused to give defendant's second instruction as offered." The bill of exceptions further proceeds as follows: "And also by its counsel the defendant filed the following amended motion for a new trial: 'Now comes defendant by its attorneys and moves the court to allow said defendant to amend its motion for new trial, and insert, as the seventh ground for said motion, the following: 'The court improperly refused to give defendant's second instruction as offered.' The defendant further moves the court to correct said second instruction so it will appear in the record as it was in fact read and admitted to the jury.'" In support of this motion appellant read the affidavit of one of its attorneys. This affidavit states in substance, that the presiding judge read said instruction to about the word "falsely," when he stopped and with his pen inserted after the word "has" and before the word "sworn" the word "willfully," and then turned to the jury and read the instruction, including and reading the word "willfully," which he had so inserted. This affidavit further says that, when the affiant obtained said instructions in order to prepare a motion for a new trial, he found upon

examination that the word "willfully," as written therein by the judge, had been erased. Appellant also filed the affidavit of another attorney, but the latter affidavit states that the affiant did not know what was inserted in the instruction by the court, and is mainly taken up with statements made to the affiant by appellant's attorney. On the other hand, the appellee filed an affidavit of his attorney, in which the latter swears in substance that the instruction was read to the jury leaving out the word "willfully," which had been erased by the court. So far as these affidavits are concerned the one neutralizes the other, the attorney for one party swearing that the instruction was read to the jury with the word "willfully" in it, and the attorney for the other party swearing that it was read to the jury without the word "willfully" being in it. The bill of exceptions recites that "the court denied the motion and gave judgment on the verdict against the defendant."

It is claimed, however, on the part of the appellant, that a motion was made to have the record corrected so that the instruction would appear as it was in fact read to the jury, and that the court ordered that the record should show that the instruction was read to the jury with the word "willfully" in it, but was afterwards taken to the jury room with the word "willfully" erased. The record, as made up by the clerk, does recite that the defendant "made a motion to correct plaintiff's instruction No. 2 so as to conform to the way it was read to the jury, which motion, being heard and duly considered, is by the court allowed to the extent that the record shall show said instruction was read with the word 'willfully,' and then sent to the jury room with the word 'willfully' erased."

This recital, as made by the clerk in the record, can not prevail as against what is shown in opposition to it in the bill of exceptions. It has been repeatedly held by this court that "unless motions of the character of the

one made in this case, and the action of the court on them, are preserved in the bill of exceptions, they can not be considered on appeal. Such motions and exceptions only become a part of the record by being incorporated in the bill of exceptions." (*Thompson* v. *White*, 64 Ill. 314). "Nor is there any mode by which an exception to the decisions of the court upon said motions could be properly preserved, so as to make the action of the court reviewable upon appeal, except by bill of exceptions." (*Mullen* v. *People, supra; Hay* v. *Hayes*, 56 Ill. 342; *Cromie* v. *VanNortwick*, id. 353; *Snell* v. *Trustees M. E. Church of Clinton*, 58 id. 290; *Gaddy* v. *McCleave*, 59 id. 182; *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 id. 489).

As has already been shown, the bill of exceptions states that the motion to correct the second instruction, so that it will appear in the record as it was in fact read and admitted to the jury, was overruled by the court, and that the court gave judgment on the verdict against the defendant, to which decision of the court in denying the motion defendant below by its counsel then and there excepted. It thus appears that there is a difference between the statements in the bill of exceptions and the recital made by the clerk upon the record as to the disposition which was made by the court of the motion in question. If the record, as certified by the clerk, states what occurred in reference to such matters differently from the statements embodied in the bill of exceptions and certified to by the court, the latter must be taken as correct. In *Long* v. *Linn*, 71 Ill. 152, where the record, as certified by the clerk, gave the verdict differently from that copied into the bill of exceptions and certified to by the court, we said: "We must regard the verdict which the court says the jury found, and which was signed by them, rather than the recitals of the clerk. The bill of exceptions, when signed and filed in the case, becomes a part of the record, and imports verity, and we have no right to presume against its correctness." Again in

*Kessel* v. *O'Sullivan,* 60 Ill. App. 548, it was held that, in the matter of errors and irregularities in empaneling the jury, "the bill of exceptions must control, and not the record made by the clerk."

For the reasons above stated, we are of the opinion that the court below committed no error in the particulars urged upon our attention by counsel for the appellant in this case.

Accordingly, the judgment of the Appellate Court is affirmed. .                              *Judgment affirmed.*