## Daniel B. Stivers v. James H. Conklin.

1. APPELLATE COURT PRACTICE—*Where Court Will Not Hold Finding Against Evidence.*—Where the evidence is conflicting, an appellate court will not hold that the finding is against the evidence and reverse the judgment, for the reason that the trial judge, who saw the parties, and observed their appearance and manner of testifying, could better determine which should be believed.

2. PRACTICE—*Admission of Further Evidence by the Court After the Taking of Evidence Has Been Closed.*—The admission of further evidence by the court after the taking of evidence has been closed, the arguments heard and the case submitted, is within the sound discretion of the trial judge, and in the absence of anything appearing which indicates that defendant was in any manner prejudiced thereby, such admission will not call for a reversal of the judgment.

Assumpsit, for broker's commissions. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

E. B. MITCHELL and JOHN FULLER, attorneys for appellant.

EDWARD J. SWEENEY, attorney for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, James H. Conklin, sued appellant, Daniel E. Stivers, before a justice of the peace of DeWitt county, for the sum of $100, which appellee claimed that appellant owed him for commissions as a real estate broker in procuring a purchaser for certain real estate which appellant desired to sell.

After the case was tried by the justice, it was taken to the Circuit Court by appeal, and there, by consent of the parties, was tried by the court without a jury, resulting in a finding and judgment in favor of appellee for $100.

Appellant having excepted to the judgment brings the case to this court by appeal and urges its reversal on the grounds that, as he claims, the finding and judgment are

against the evidence; that the court improperly held certain propositions of law in behalf of appellee that were not applicable to the evidence; improperly refused propositions submitted by appellant that were applicable, and improperly heard further evidence after the taking of testimony had been closed, the case argued and submitted.

The record shows that all of the evidence in the case consists of the testimony of witnesses who were before the judge who heard the case.

Appellant being desirous of selling his residence, had a talk with appellee, a real estate broker, in which it was arranged that appellee should endeavor to procure a purchaser for it, for which he was to be paid. What was to be paid and the terms of sale are somewhat in doubt, for there was an irreconcilable conflict in the evidence in that respect. But there is no dispute that appellee was the procuring cause of appellant obtaining a purchaser, at whose request appellant afterward sold and conveyed the property to his wife for the price he was asking for it at the time he arranged with appellee to find him a purchaser.

If appellee's version of the agreement which he and appellant made concerning the sale of the property, and what was afterward done by the parties, be believed, then the finding and judgment ought to stand; but if appellant's version be believed, then the finding is against the evidence, and the judgment should be reversed. Such being the case, the rule is that an appellate court will not hold that the finding is against the evidence and reverse the judgment, for the reason that the trial judge, who saw the parties, and observed their appearance and manner of testifying, could better determine which should be believed.

Counsel for appellant, in their printed brief and argument, state in general terms that the propositions of law which the court held for appellee do not, in their terms, state the law applicable to the evidence in the case, while those requested by appellant, and refused by the court, do. But they have not, as they should, pointed out wherein those so held are in fact improper, or wherein those refused

are proper in the respect claimed. We have read both sets of propositions, however, and do not find that the rulings of the court thereon were prejudicial to appellant.

The admission of further evidence by the court after the taking of evidence had been closed, the arguments heard and the case submitted, was within the sound discretion of the trial judge, and, in the absence of anything appearing which indicates that appellant was in any manner prejudiced thereby, we can not see how the admission of further evidence then was such an abuse of that discretion as to call for a reversal of the judgment on that account. Indiana, Decatur & Western Ry. Co. v. Hendrian, 190 Ill. 501, and cases there cited.

There being no prejudicial error found in the record, the judgment will be affirmed.