### Joseph M. Hartenfeld v. A. S. Klein Company.

1. BILL OF EXCEPTIONS—*Must Contain Motions and Rulings Not Part of the Common Law Record.*—Motions and the rulings of the court thereon, which are not part of the common law record, must be preserved by bill of exceptions or they can not be considered by a court of review.

Error to the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed November 28, 1902. Affirmed on rehearing February 26, 1903.

Statement.—Defendant in error appealed to the Circuit Court from a judgment of a justice of the peace, rendered against it and in favor of plaintiff in error. The appeal

was taken by filing bond with the justice. April 2, 1900, a transcript of the proceedings before the justice, and all papers in the cause, were filed in the Circuit Court. April 12, 1900, the court, on motion of plaintiff in error, ruled defendant in error to have its surety justify in open court within ten days. Defendant, instead of so doing, filed a second appeal bond with the clerk. May 19, 1900, at the April term of the court, defendant's appeal was dismissed, on plaintiff's motion, for failure to comply with the order of April 12th, and a writ of procedendo was ordered to issue. May 21, 1900, the court, on motion of defendant, entered an order, as of the April term of the court, setting aside the order of May 19, 1900, and reinstating the appeal. November 27, 1900, plaintiff moved the court to set aside the order of May 21st reinstating the appeal, which motion the court overruled. December 12, 1900, the cause was called for trial, and plaintiff failing to appear, the court dismissed his suit for want of prosecution, and rendered judgment against him for costs.

LEON ZOLOTKOFF, attorney for plaintiff in error.

ALDEN, LATHAM & YOUNG, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for plaintiff in error contends that the order dismissing the appeal at the April term was a valid and final order, which the court, at the May term, was powerless to set aside, and that the court erred in granting the defendant's motion to reinstate the appeal, and also in overruling plaintiff's motion to set aside the order reinstating the appeal. The record contains no bill of exceptions. The motions above mentioned and the rulings of the court thereon are not part of the common law record (Van Cott v. Sprague, 5 Ill. App. 99), and they not being preserved by bill of exceptions, plaintiff in error is not in a position to question the rulings of the court on the motions, and we can not review them. Chicago, R. I. & Pac. Ry. Co. v. Town of Calumet, 151 Ill. 512.

The record being such that the legality of the reinstatement of the cause can not be questioned, the cause, after reinstatement, having been regularly called for trial, and the plaintiff having failed to appear, he has no valid ground to complain of the judgment dismissing the suit, at his costs, for want of prosecution.

The judgment will be affirmed.