**Frank Garretson, Appellee, v. Village of Fox Lake, Appellant.**

**Gen. No. 5279.**

1. TRIAL—*when allowing reopening of case proper.* *Held,* that it was not an abuse of discretion for the trial court to permit the plaintiff to reopen his case and introduce additional evidence.

2. FEES AND SALARIES—*when resolution does not change rate of compensation.* A village, though not bound so to do, may create an office and fix the compensation therefor by ordinance, and when it does so it cannot legally change the rate of compensation fixed, by mere resolution, as a resolution cannot repeal an ordinance.

3. APPEALS AND ERRORS—*when sufficiency of evidence not saved for review.* If the bill of exceptions does not purport to contain all the evidence the Appellate Court must presume that the evidence actually heard supported the finding. A certification by an official stenographer that the transcript contains all the evidence, does not supply the omission of a certification by the judge.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

BEN H. MILLER, for appellant.

E. V. ORVIS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee recovered a verdict and a judgment against appellant before a justice of the peace, and, on appeal to the Circuit Court, recovered another verdict and a judgment against appellant, each for $181.67, for a balance claimed to be due him for his salary as village marshal during the time he held that position. The village appeals to this court.

At the close of appellee's evidence appellant moved to direct a verdict for appellant because the appointment of appellee as village marshal had not been duly proven, and the court granted that motion. Thereupon the court permitted appellee to reopen his case and offer further proof on that subject, and then denied a subsequent motion to instruct for appellant. This ruling is urged as error. It was proper to permit this additional proof, and such action has been approved in a case where the proofs were all closed, in I. D. W. Ry. Co. v. Hendrian, 190 Ill. 501. It may be that the evidence even then was not competent to show appellee's appointment, but afterwards appellant introduced the record of the proceedings of the village trustees, showing the appointment of appellee as village marshal and his confirmation by the unanimous vote of the village trustees, so that appellant fully established that part of appellee's case.

In February, 1907, the village trustees adopted an ordinance providing for the police department. It named the village marshal as one of those officers and prescribed his duties and fixed his salary at $720 per annum. On May 7, 1907, the village trustees passed a resolution, changing the salary of the village marshal to $200. On May 11, 1907, appellee was nominated and confirmed. Shortly thereafter he read the ordinance for the purpose of ascertaining his duties, and the salary still read therein $720 per annum. At some later date some one erased the words "seven hundred twenty" and inserted the words "two hundred." The city and village act authorizes the trustees of a village to appoint various officers, including a village mar-

shal, and to prescribe their duties and fees, and to require such officers to execute bonds as may. be prescribed by ordinance. It is perhaps not certain that it is meant that the duties and fees shall be prescribed by ordinance, but it is clear that the village had power to prescribe the duties and the salary by ordinance. When it had done so, that ordinance could not be changed or amended or repealed by resolution. This is clearly laid down in People v. Mount, 186 Ill. 560, and the reasons are there stated. The salary fixed by this ordinance had therefore not been changed, and the resolution was invalid. It is, however, contended that appellee was told that the salary would be but $200 per year and that he said he would serve for that sum. This is denied by appellee, and he contends that he was only told that the village was short of money and wished to only pay him at present at that rate, and would pay him the rest of his salary later when the village had more funds. The court instructed the jury, at the request of appellant, that if appellee agreed to accept the office at $200 per year, he was bound by such agreement, notwithstanding the ordinance. The jury therefore must be presumed to have obeyed the instruction, and to have found that such an agreement was not proved. We are asked to review that finding of fact. The trial judge does not certify that the bill of exceptions contains all the evidence. An official stenographer has certified to that effect, but he has no authority to make such a certificate or to bind the trial judge. As there was a conflict in the evidence, it is very improbable that if the bill of exceptions stated that it contained all the evidence this court would feel at liberty to disturb the verdict on that ground, after it had been approved by the trial judge. But, if necessary, we must presume in support of the verdict that there was other evidence upon the subject.

While appellee held this office he was also employed

by the village to perform other duties, and was paid a small extra stipend therefor, but we do not understand it to be contended that the judgment is wrong if appellee is entitled to a salary at the rate of $720 per year for his services as village marshal. He received the lesser sums when paid to him, but gave no receipt in full. The record does not show any reversible error, and the judgment is therefore affirmed.

*Affirmed.*